# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| INFINITE ENERGY, INC., a Florida Corporation, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION FILE ) NO. 1:06-CV-2923-CAP |
| v. | ) ) |
| CATALYST ENERGY, LLC, and DARREN M. NOVICH, an individual, | ) ) ) |
| Defendants. | ) |

## DEFENDANT CATALYST ENERGY, LLC'S
## RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Catalyst Energy, LLC ("Catalyst"), pursuant to Rules 26 and 34 of the

Federal Rules of Civil Procedure, hereby answers, objects and otherwise responds

to Plaintiff Infinite Energy, Inc.'s ("Infinite") First Request for Production of

Documents ("Document Requests" or "Requests") as follows:

## GENERAL OBJECTIONS

The following general objections apply to each of the Document Requests

and are incorporated by reference in each of Catalyst's specific responses thereto:

1. Catalyst objects to every Request which purports to impose

obligations on Catalyst beyond the requirements of Fed. R. Civ. P. 26 and 34,

which will govern Catalyst's responses.

866143-1 10906.0004000

2.     Catalyst objects to the Document Requests to the extent they seek materials prepared in anticipation of litigation, or which contain or reflect or call for the disclosure of the mental impressions, conclusions, opinions and legal theories of any attorney for Catalyst, or any other information protected by the Federal Rules of Civil Procedure.

3.     Catalyst objects to the Document Requests to the extent they seek information protected from discovery under the attorney-client privilege, the work product doctrine, or any other privilege recognized under the law. Catalyst will not produce such information.

4.     Catalyst objects to the Document Requests to the extent they seek trade secrets or other confidential or proprietary research, development, commercial, or business information. Catalyst will produce such information, if requested and not otherwise objectionable, only after entry of a suitable protective order.

5.     Catalyst objects to the Document Requests to the extent they call for identification or production of information that is a matter of public record and is equally available to the requesting party.

6.     In responding, Catalyst does not concede that any Document Requests to which Catalyst responds are relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence. Catalyst

expressly reserves both the right to object to further discovery into the subject matter of these Document Requests and the right to object to introduction into evidence of responses to these Document Requests. Catalyst also reserves the right to question the authenticity, relevancy, materiality, privilege and admissibility as evidence for any purpose of the information provided and the documents identified and/or produced in response to these Document Requests, which may arise in any subsequent proceeding in, or the trial of, this or any other action.

7. Catalyst reserves its right to amend, supplement, or revise its responses as necessary up to and including the time of trial.

8. Catalyst objects to the instructions provided with the Document Requests to the extent that they purport to require Catalyst to produce documents "marked according to the number of each specific request" and in "TIFF format." Catalyst shall produce responsive documents in the form and manner required by Fed. R. Civ. P. 34.

9. Catalyst objects to the definitions of the term "Catalyst," "you" and "your" contained in the Document Requests to the extent that the definitions incorporate individuals and entities that are separate and distinct from Catalyst.

10. Catalyst objects to the definition of the term "Present, Former, or Prospective Customers of Infinite" contained in the Document Requests on the ground that such definition is vague and ambiguous.

## RESERVATION OF RIGHTS

In responding to the Document Requests, Catalyst states that it has conducted a diligent search, reasonable in scope, of those files and records in Catalyst's possession or control believed to be the most likely to contain documents responsive to the Documents Requests and has solicited relevant documents from those individuals employed or otherwise affiliated with Catalyst believed to be the most likely to have documents responsive to the Document Requests. Catalyst has not, however, undertaken to search or review all of the files and records in Catalyst's possession, custody or control, nor has Catalyst solicited documents from every individual employed by or otherwise affiliated with Catalyst, because to do so would be unduly burdensome and expensive. In the event, therefore, that further documents, records or files responsive to any of the Document Requests are identified or brought to Catalyst's attention, Catalyst reserves the right to amend or supplement these responses.

Subject to the foregoing and without waiving same, Catalyst hereby responds to Infinite's Document Requests as follows:

## DOCUMENTS REQUESTED

### Request No. 1:

All documents referred to in or relied upon in preparing Catalyst's responses to Infinite's First Interrogatories to Defendant Catalyst Energy, LLC.

## Response to Request No. 1:

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 2:

All documents relating to communications between or among any of the Defendants.

## Response to Request No. 2:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent that it requests "all documents relating to communications" between the

Defendants, including those documents and/or communications which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 3:

All documents relating to communications between or among any of the Defendants and any Present, Former, or Prospective Customers of Infinite.

## Response to Request No. 3:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent that it requests "all documents relating to communications" between the

Defendants and Present, Former or Prospective Customers of Infinite, including those documents and/or communications which are inconsequential or unrelated to this action.

Catalyst further objects to this Request on the grounds that it is overly broad and unduly burdensome due to the fact that Catalyst cannot identify Infinite's "Present or Former Customers" without engaging in extensive, time-consuming search efforts. Further, any such search efforts would produce incomplete results because it is impossible for Catalyst to identify all of Infinite's "Present or Former Customers."

This Request is also overly broad due to the fact that it is impossible for Catalyst to determine the identities of Infinite's "Prospective Customers," a term which potentially encompasses every natural gas customer that is not currently an Infinite customer. Therefore, at the outset, the term is so burdensome, it is impossible to comply with the Request.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 4:

All documents relating to any goods sold or services performed by any of the Defendants for any Present, Former, or Prospective Customer of Infinite.

## Response to Request No. 4:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent that it requests "all documents relating to any goods sold or services performed by Defendants for any Present, Former or Prospective Customers of Infinite," including those documents which are inconsequential or unrelated to this action.

Catalyst further objects to this Request on the grounds that it is overly broad and unduly burdensome due to the fact that Catalyst cannot identify Infinite's "Present or Former Customers" without engaging in extensive, time-consuming

search efforts. Further, any such search efforts would produce incomplete results because it is impossible for Catalyst to identify all of Infinite's "Present or Former Customers."

This Request is also overly broad due to the fact that it is impossible for Catalyst to determine the identities of Infinite's "Prospective Customers," a term which potentially encompasses every natural gas customer that is not currently an Infinite customer. Therefore, at the outset, the term is so burdensome, it is impossible to comply with the Request.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

9

## Request No. 5:

All documents relating to payments received by any of the Defendants from any Present, Former, or Prospective Customer of Infinite.

## Response to Request No. 5:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent that it requests "all documents relating to payments received by Defendants for any Present, Former or Prospective Customers of Infinite," including those documents which are inconsequential or unrelated to this action.

Catalyst further objects to this Request on the grounds that it is overly broad and unduly burdensome due to the fact that Catalyst cannot identify Infinite's "Present or Former Customers" without engaging in extensive, time-consuming search efforts. Further, any such search efforts would produce incomplete results because it is impossible for Catalyst to identify all of Infinite's "Present or Former Customers."

This Request is also overly broad due to the fact that it is impossible for Catalyst to determine the identities of Infinite's "Prospective Customers," a term which potentially encompasses every natural gas customer that is not currently an

Infinite customer. Therefore, at the outset, the term is so burdensome, it is impossible to comply with the Request.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 6:**

Any business plans, formal or informal, and any other documents relating to the nature of the business engaged in or sought to be engaged in by any of the Defendants, whether alone or with each other, pertaining to the provision of natural gas products or services to any Present, Former or Prospective Customer of Infinite.

**Response to Request No. 6:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent that it requests "any business plans, formal or informal, and any other documents relating to the nature of the business engaged in or sought to be engaged in by any of the Defendants," including those business plans and/or documents which are inconsequential and unrelated to this action.

Catalyst further objects to this Request on the grounds that it is overly broad and unduly burdensome due to the fact that Catalyst cannot identify Infinite's "Present or Former Customers" without engaging in extensive, time-consuming search efforts. Further, any such search efforts would produce incomplete results because it is impossible for Catalyst to identify all of Infinite's "Present or Former Customers."

This Request is also overly broad due to the fact that it is impossible for Catalyst to determine the identities of Infinite's "Prospective Customers," a term which potentially encompasses every natural gas customer that is not currently an Infinite customer. Therefore, at the outset, the term is so burdensome, it is impossible to comply with the Request.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 7:**

All documents relating to any technical or non-technical data, formulas, patterns, compilations, programs, devices, methods, techniques, drawings, processes, financial data, financial plans, or product plans of Infinite.

**Response to Request No. 7:**

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. In addition, while Catalyst may have some documents that originated at Infinite, some of these documents now contain confidential and

proprietary business information belonging to Catalyst. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst responds that it is in the process of preparing to return certain responsive documents to Infinite in compliance with the Consent Order entered on December 22, 2006 in this action and will produce additional responsive documents, if any, at a mutually convenient time and place.

**Request No. 8:**

All documents relating to revenues generated by Catalyst's contracts with any Present, Former or Prospective Customer of Infinite.

**Response to Request No. 8:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent that it requests "all documents," including those documents which are inconsequential and unrelated to this action.

Catalyst further objects to this Request on the grounds that it is overly broad and unduly burdensome due to the fact that Catalyst cannot identify Infinite's "Present or Former Customers" without engaging in extensive, time-consuming search efforts. Further, any such search efforts would produce incomplete results because it is impossible for Catalyst to identify all of Infinite's "Present or Former Customers."

This Request is also overly broad due to the fact that it is impossible for Catalyst to determine the identities of Infinite's "Prospective Customers," a term which potentially encompasses every natural gas customer that is not currently an Infinite customer. Therefore, at the outset, the term is so burdensome, it is impossible to comply with the Request.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 9:**

All calendars, appointment books, diaries, and all other documents reflecting any meetings, conferences, telephone calls, or other communications between any Defendant and any Present, Former, or Prospective Customer of Infinite.

**Response to Request No. 9:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent that it requests "all calendars, appointment books, diaries, and all other documents," including those documents which are inconsequential or unrelated to this action.

Catalyst further objects to this Request on the grounds that it is overly broad and unduly burdensome due to the fact that Catalyst cannot identify Infinite's "Present or Former Customers" without engaging in extensive, time-consuming search efforts. Further, any such search efforts would produce incomplete results because it is impossible for Catalyst to identify all of Infinite's "Present or Former Customers."

This Request is also overly broad due to the fact that it is impossible for Catalyst to determine the identities of Infinite's "Prospective Customers," a term which potentially encompasses every natural gas customer that is not currently an Infinite customer. Therefore, at the outset, the term is so burdensome, it is impossible to comply with the Request.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 10:**

All telephone records of Catalyst that reflect or list any telephone calls between any Defendant and any Present, Former, or Prospective Customer of Infinite.

**Response to Request No. 10:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent that it requests "all telephone records... that reflect or list any telephone calls," including those records and/or telephone calls which are inconsequential or unrelated to this action.

Catalyst further objects to this Request on the grounds that it is overly broad and unduly burdensome due to the fact that Catalyst cannot identify Infinite's "Present or Former Customers" without engaging in extensive, time-consuming search efforts. Further, any such search efforts would produce incomplete results because it is impossible for Catalyst to identify all of Infinite's "Present or Former Customers."

This Request is also overly broad due to the fact that it is impossible for Catalyst to determine the identities of Infinite's "Prospective Customers," a term which potentially encompasses every natural gas customer that is not currently an Infinite customer. Therefore, at the outset, the term is so burdensome, it is impossible to comply with the Request.

**Request No. 11:**

All telephone records of Catalyst that reflect or list any telephone calls between Catalyst and any present or former employee of Infinite.

**Response to Request No. 11:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent that it requests "all telephone records... that reflect or list any telephone calls," including those records and/or telephone calls which are inconsequential or unrelated to this action.

**Request No. 12:**

All contracts and agreements between any Defendant and any Present, Former, or Prospective Customer of Infinite.

**Response to Request No. 12:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent that it requests "all contracts and agreements," including those contracts and/or agreements which are inconsequential or unrelated to this action.

Catalyst further objects to this Request on the grounds that it is overly broad and unduly burdensome due to the fact that Catalyst cannot identify Infinite's "Present or Former Customers" without engaging in extensive, time-consuming search efforts. Further, any such search efforts would produce incomplete results because it is impossible for Catalyst to identify all of Infinite's "Present or Former Customers."

This Request is also overly broad due to the fact that it is impossible for Catalyst to determine the identities of Infinite's "Prospective Customers," a term which potentially encompasses every natural gas customer that is not currently an Infinite customer. Therefore, at the outset, the term is so burdensome, it is impossible to comply with the Request.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

## Request No. 13:

All documents relating to the following information of Infinite:

(a)     Spreadsheets and calculations for creating and balancing formulas;

(b)     Information relating to vendors and suppliers, current and proposed;

(c)     Gas provision information, contracts, and pricing;

(d)     Information regarding customer contracts;

(e)     Customer quotation packages;

(f)     Sales and marketing tools;

(g)     All backups, archives, or other copies of their data or information; and

(h)     All lists of contacts.

## Response to Request No. 13:

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information.  In addition, while Catalyst may have some documents that originated at Infinite, some of these documents now contain confidential and proprietary business information belonging to Catalyst. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b).  Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst responds that it is in the process of preparing to return certain responsive documents to Infinite in compliance with the Consent Order entered on December 22, 2006 in this action.

## Request No. 14:

All documents relating to any business plans of Catalyst regarding the CGS market.

## Response to Request No. 14:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent that it requests "all documents," including those documents which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

## Request No. 15:

All documents relating to any business plans of Catalyst regarding the Korean Cleaners Association of Atlanta.

## Response to Request No. 15:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent that it requests "all documents," including those documents which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

**Request No. 16:**

All documents utilized to solicit funding from any financial institution, venture capital firm, or other source of such funds.

**Response to Request No. 16:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action. This Request is also particularly objectionable on the grounds that it is impossible for Catalyst to identify all responsive documents, even those which were not utilized by Catalyst.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

**Request No. 17:**

All documents relating to Catalyst's sales and marketing tools which refer to or reference Infinite or Catalyst's competition.

**Response to Request No. 17:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

**Request No. 18:**

All documents and things obtained from any of Infinite's present or former employees relating to Infinite.

## Response to Request No. 18:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent that it requests "all documents and things," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst responds that it is in the process of preparing to return certain responsive documents to Infinite in compliance with the Consent Order entered on December 22, 2006 in this action and will produce additional documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 19:

All documents and things in the possession of any of Infinite's present or former employees relating to Infinite.

## Response to Request No. 19:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent that it requests "all documents and things," including those which are inconsequential or unrelated to this action. This Request is also particularly objectionable due to the fact that it is impossible for Catalyst to identify "all documents and things" in the possession of every present or former employee of Infinite.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst responds that it is in the process of preparing to return

certain responsive documents to Infinite in compliance with the Consent Order entered on December 22, 2006 in this action and will produce additional documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 20:

All documents relating to any of Infinite's claims as set forth in the Complaint.

## Response to Request No. 20:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable on the grounds that it is impossible for Catalyst to identify "all documents" that may relate to any of Infinite's claims as set forth in the Complaint.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request to the extent that the documents requested are publicly available and the burden of ascertaining these records is substantially the same for Infinite as it is for Catalyst.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 21:

All documents relating to, supporting or providing a basis for any of Catalyst's defenses set forth in the Answer.

## Response to Request No. 21:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable on the grounds that it is impossible for Catalyst to identify "all documents" that may relate to Catalyst's defenses set forth in the Answer.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request to the extent that the documents requested are publicly available and the burden of ascertaining these records is substantially the same for Infinite as it is for Catalyst.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 22:

All documents, agreements, letters, internal memoranda, e-mail, notes, or correspondence between and among Defendant Catalyst, Defendant Novich and/or any present or former Infinite employee that refer to the subject matter of this lawsuit.

## Response to Request No. 22:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable on the grounds that it is impossible for Catalyst to identify "all documents, agreements,

letters, internal memoranda, e-mail, notes, or correspondence" that may refer to the subject matter of this lawsuit.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 23:

All documents relied upon by any persons you expect to call as expert witnesses at trial or hearings in this action.

## Response to Request No. 23:

Catalyst objects to this Request on the grounds that it seeks discovery related to expert witnesses beyond that which is permitted under Fed. R. Civ. P. 26(b)(4).

Subject to the General Objections and the foregoing objection and without waiving same, Catalyst has not yet retained an expert witness in this case. If and when Catalyst identifies an expert witness, Catalyst will supplement this response accordingly.

## Request No. 24:

All communications or other documents since February 2005, that evaluate, describe, analyze or report on the Georgia natural gas market including any analysis of Catalyst's ability to perform and/or succeed in the same.

## Response to Request No. 24:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all communications or other documents," including those which are inconsequential or unrelated to this action. This Request is also particularly objectionable due to the fact that it is impossible for Catalyst to identify "all communications or other documents since February 2005, that evaluate, describe, analyze or report on the Georgia natural gas market."

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or

commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request to the extent that the documents requested are publicly available and the burden of ascertaining these records is substantially the same for Infinite as it is for Catalyst.

## Request No. 25:

All communications or other documents relating to any Present, Former, or Prospective Customers of Infinite.

## Response to Request No. 25:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all communications or other documents," including those which are inconsequential or unrelated to this action. This Request is also particularly objectionable on the grounds that it is impossible for Catalyst to identify "all communications or other documents" that may relate to Infinite's Present, Former, or Prospective Customers.

Catalyst further objects to this Request on the grounds that it is overly broad and unduly burdensome due to the fact that Catalyst cannot identify Infinite's "Present or Former Customers" without engaging in extensive, time-consuming search efforts. Further, any such search efforts would produce incomplete results because it is impossible for Catalyst to identify all of Infinite's "Present or Former Customers."

This Request is also overly broad due to the fact that it is impossible for Catalyst to determine the identities of Infinite's "Prospective Customers," a term which potentially encompasses every natural gas customer that is not currently an Infinite customer. Therefore, at the outset, the term is so burdensome, it is impossible to comply with the Request.

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

34

Catalyst further objects to this Request to the extent that the documents requested are publicly available and the burden of ascertaining these records is substantially the same for Infinite as it is for Catalyst.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

## Request No. 26:

All documents relating to the hiring of Rene Sanchez, Darren M. Novich, Steve Han, Margarita Uruena, and Jay Heo. This request includes any document relating to the compensation structure, employment relationship, and any agreements with these individuals. This request further includes, but is not limited to, any agreements to indemnify or defend any of these individuals, whether executed before or after the filing of this lawsuit.

## Response to Request No. 26:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action. This Request is also particularly objectionable due to the fact that it is impossible for Catalyst to identify "all documents" relating to the hiring of these individuals by employers other than Catalyst.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

## Request No. 27:

All communications and all other documents related to Infinite Energy including, but not limited to, internal communications among Catalyst's personnel and external communications to and with third parties.

## Response to Request No. 27:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all communications and all other documents related to Infinite Energy," including those which are inconsequential and unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or

commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 28:

All insurance policies or indemnification agreements under which any individual or insurance business might be liable to pay to you or on your behalf all or part of the damages sought in this action.

## Response to Request No. 28:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable due to the fact that information related to any such insurance policies or indemnification agreements is inadmissible pursuant to the collateral source rule.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 29:

All documents received from or provided to any other party to this action in connection with this case since the filing of the Complaint, whether provided informally or in response to a formal request.

## Response to Request No. 29:

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 30:

All written or recorded statements of any kind obtained by you, your lawyer, or any of your representatives, that refer or relate in any manner to the subject matter of the Complaint and your Answer and Affirmative Defenses.

## Response to Request No. 30:

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 31:

All documents related to any factual allegations in the pleadings in this case.

## Response to Request No. 31:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims

and defenses in this proceeding. This Request is particularly objectionable on the grounds that it is impossible for Catalyst to identify "all documents" that may be related to any of the factual allegations in the pleadings in this case.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 32:

All advertisements soliciting applications for employment at Catalyst in its sales force.

## Response to Request No. 32:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all advertisements," including those which are inconsequential or unrelated to this action.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 33:

All advertisements referenced in emails between Wendy Ho and Hank Chang.

## Response to Request No. 33:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all advertisements," including those which are inconsequential or unrelated to this action.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 34:

All communications with Hank Chang from February 2005 to date.

## Response to Request No. 34:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all communications," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 35:

All documents relating to any dry cleaners switching analyses provided to Catalyst by any present or former employee of Infinite.

## Response to Request No. 35:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request on the grounds that it is vague and ambiguous due to its use of the term "switching analyses," which is not defined.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

43

## Request No. 36:

All documents reflecting and related to Catalyst's "team of partners" as referenced in Fernando de Aguero's e-mail to Darren M. Novich dated May 6, 2006.

## Response to Request No. 36:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

## Request No. 37:

All documents relating to the Korean Cleaners Association of Rockland County.

## Response to Request No. 37:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

## Request No. 38:

All documents, including, without limitation, communications and contracts related to the following entities:

(a)     Celebration at Sandy Springs;

(b)     Cottonwood Bristol Point;

(c)     Jackson's Landing;

(d)     Jupiter Communities, LLC;

(e) Madison Ridge Apartments;

(f) Northmoor Apartments;

(g) Pinnacle Properties;

(h) Wiloaks/Century Apartments;

(i) American Dry Cleaning Association;

(j) Georgia Coin Laundry Association; and

(k) Korean Cleaners Association of Atlanta.

## Response to Request No. 38:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request on the grounds that it is vague and ambiguous due to the fact that these entities are not more particularly identified or defined.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

## Request No. 39:

All documents relating to Margarita Uruena's seeking of a position with Catalyst as described in Catalyst initial disclosures including, but not limited to, emails and other communications between Ms. Uruena and anyone at Catalyst.

## Response to Request No. 39:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 40:

All documents relating to Zheng "Steve" Han's seeking of a position with Catalyst as described in Catalyst's initial disclosures including, but not limited to, emails and other communications between Mr. Han and anyone at Catalyst.

## Response to Request No. 40:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 41:**

All documents relating to Jay Heo's seeking of a position with Catalyst as described in Catalyst's initial disclosures including, but not limited to, emails and other communications between Mr. Heo and anyone at Catalyst.

**Response to Request No. 41:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 42:**

All documents relating to Rene Sanchez's accepting a position as Director of Program Development with Catalyst as described in Catalyst's initial disclosures

including, but not limited to, emails and other communications between Mr. Sanchez and anyone at Catalyst.

## Response to Request No. 42:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 43:

All documents contained in or related to Margarita Uruena's employment file.

## Response to Request No. 43:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims

and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

**Request No. 44:**

All documents contained in or related to Zheng "Steve" Han's employment file.

**Response to Request No. 44:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

**Request No. 45:**

All documents contained in or related to Jay Heo's employment file.

**Response to Request No. 45:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

## Request No. 46:

All documents contained in or related to Rene Sanchez's employment file.

## Response to Request No. 46:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

## Request No. 47:

All documents contained in or related to Darren M. Novich's employment file.

## Response to Request No. 47:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

**Request No. 48:**

All documents related to any other Infinite employee seeking employment with or being solicited by Catalyst including, but not limited to, e-mails and other communications.

**Response to Request No. 48:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 49:**

All documents relating to the position and responsibilities of Margarita Uruena at Catalyst.

**Response to Request No. 49:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 50:**

All documents relating to the position and responsibilities of Zheng "Steve" Han at Catalyst.

## Response to Request No. 50:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 51:

All documents relating to the position and responsibilities of Jay Heo at Catalyst.

55

## Response to Request No. 51:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 52:

All documents relating to the position and responsibilities of Rene Sanchez at Catalyst.

## Response to Request No. 52:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 53:

All documents relating to the position and responsibilities of Darren M. Novich at Catalyst.

**Response to Request No. 53:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 54:**

All documents relating to Catalyst's sponsorship of the renewal of Margarita Uruena's visa including, but not limited to, e-mails and communications between Ms. Uruena and Catalyst.

## Response to Request No. 54:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 55:

All documents relating to Catalyst's sponsorship of the renewal of Jay Heo's visa including, but not limited to, e-mails and communications between Mr. Heo and Catalyst.

## Response to Request No. 55:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the

extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 56:**

All documents relating to, supporting or providing a basis for your position that Infinite's reduction of commissions available to its sales force drove its employees to seek new employment including, but not limited to, e-mails and communications between Infinite's current and past employees and Catalyst, or amongst Infinite's current and past employees.

**Response to Request No. 56:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 57:

All documents that describe Catalyst's allegedly attractive CGS product and services as described in Catalyst's initial disclosures, including any document containing comparisons between Catalyst's CGS offerings and Infinite's CGS offerings.

## Response to Request No. 57:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or

61

commercial information.  Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b).  Catalyst will not produce such information.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 58:**

All documents including, but not limited to, communications between Catalyst and Jupiter Communications, LLC.

**Response to Request No. 58:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request on the grounds that it is vague and confusing.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 59:

All contracts with Catalyst's CGS customers.

## Response to Request No. 59:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all contracts," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

## Request No. 60:

All drafts, preliminary or final, of Catalyst's CGS contract, including Catalyst's current CGS contract.

## Response to Request No. 60:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all drafts," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

## Request No. 61:

All documents relating to the process of drafting the CGS contracts described in the preceding paragraph, including, but not limited to, any emails or communications regarding the language of such drafts and/or any e-mails with such drafts attached thereto.

## Response to Request No. 61:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the

extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

**Request No. 62:**

All documents that support or provide a basis for Catalyst's contention that the language in Infinite's CGS contract is boilerplate, standard language.

**Response to Request No. 62:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Catalyst further objects to this Request to the extent that the documents requested are publicly available and the burden of ascertaining these records is substantially the same for Infinite as it is for Catalyst.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 63:**

All models, forms or contracts from which Catalyst created its current CGS contract, or upon which Catalyst relied in drafting the language of its CGS contract.

**Response to Request No. 63:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Catalyst further objects to this Request to the extent that the documents requested are publicly available and the burden of ascertaining these records is substantially the same for Infinite as it is for Catalyst.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 64:**

All documents including, but not limited to, e-mails and other communications between Catalyst and Kevin Carr.

**Response to Request No. 64:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the

extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request on the grounds that it is vague and confusing.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 65:**

All documents including, but not limited to, e-mails and other communications between Catalyst and First Communities.

**Response to Request No. 65:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request on the grounds that it is vague and confusing.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 66:

All documents including, but not limited to, e-mails and other communications between Catalyst and Love Properties, Inc.

## Response to Request No. 66:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request on the grounds that it is vague and confusing.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 67:

All documents including, but not limited to, e-mails and other communications between Catalyst and Huntington Properties.

## Response to Request No. 67:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request on the grounds that it is vague and confusing.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 68:**

All documents received from any of Infinite's present or former employees.

**Response to Request No. 68:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. In addition, while Catalyst may have some documents that originated at Infinite, some of these documents now contain confidential and proprietary business information belonging to Catalyst. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst responds that it is in the process of preparing to return certain responsive documents to Infinite in compliance with the Consent Order entered on December 22, 2006 in this action and will produce additional

documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 69:

All documents originating from Infinite.

## Response to Request No. 69:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action or which may not be in Catalyst's possession.

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. In addition, while Catalyst may have some documents that originated at Infinite, some of these documents now contain confidential and proprietary business information belonging to Catalyst. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst responds that it is in the process of preparing to return

certain responsive documents to Infinite in compliance with the Consent Order entered on December 22, 2006 in this action.

## Request No. 70:

All documents received from Darren M. Novich.

## Response to Request No. 70:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. In addition, while Catalyst may have some documents that originated at Infinite, some of these documents now contain confidential and proprietary business information belonging to Catalyst. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst responds that it is in the process of preparing to return

certain responsive documents to Infinite in compliance with the Consent Order entered on December 22, 2006 in this action and will produce additional documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 71:

All documents received from Margarita Uruena.

## Response to Request No. 71:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. In addition, while Catalyst may have some documents that originated at Infinite, some of these documents now contain confidential and proprietary business information belonging to Catalyst. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst responds that it is in the process of preparing to return certain responsive documents to Infinite in compliance with the Consent Order entered on December 22, 2006 in this action and will produce additional documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 72:

All documents received from Zheng "Steve" Han.

## Response to Request No. 72:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. In addition, while Catalyst may have some documents that originated at Infinite, some of these documents now contain confidential and proprietary business information belonging to Catalyst. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst responds that it is in the process of preparing to return certain responsive documents to Infinite in compliance with the Consent Order entered on December 22, 2006 in this action and will produce additional documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 73:

All documents received from Jay Heo.

## Response to Request No. 73:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. In addition, while Catalyst may have some documents that originated at Infinite, some of these documents now contain confidential and

76

proprietary business information belonging to Catalyst. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst responds that it is in the process of preparing to return certain responsive documents to Infinite in compliance with the Consent Order entered on December 22, 2006 in this action and will produce additional documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 74:

All documents received from Hank Chang.

## Response to Request No. 74:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or

commercial information. In addition, while Catalyst may have some documents that originated at Infinite, some of these documents now contain confidential and proprietary business information belonging to Catalyst. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 75:

All documents received from Rene Sanchez.

## Response to Request No. 75:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. In addition, while Catalyst may have some documents

that originated at Infinite, some of these documents now contain confidential and proprietary business information belonging to Catalyst. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 76:

All documents that incorporate, use or are based upon any of Infinite's information, data, customer information, pricing information, contracts and customer lists.

## Response to Request No. 76:

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. In addition, while Catalyst may have some documents that originated at Infinite, some of these documents now contain confidential and proprietary business information belonging to Catalyst. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst responds that it is in the process of preparing to return certain responsive documents to Infinite in compliance with the Consent Order entered on December 22, 2006 in this action and will produce additional documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 77:

All documents that support or provide the basis for any statement made by Catalyst in its initial disclosures.

## Response to Request No. 77:

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 78:

All documents that support or provide a basis for Catalyst's denial of any of the allegations of the following paragraphs of the Complaint: 2, 4, 5, 20-32, 39-41, 48, and 50.

## Response to Request No. 78:

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 79:

All documents that support or provide a basis for the Affirmative Defenses in the Answer.

## Response to Request No. 79:

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 80:

All documents relating to Catalyst's plans to approach Past, Present and Prospective Customers of Infinite.

## Response to Request No. 80:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request on the grounds that it is overly broad and unduly burdensome due to the fact that Catalyst cannot identify Infinite's "Present or Former Customers" without engaging in extensive, time-consuming search efforts. Further, any such search efforts would produce incomplete results because it is impossible for Catalyst to identify all of Infinite's "Present or Former Customers."

This Request is also overly broad due to the fact that it is impossible for Catalyst to determine the identities of Infinite's "Prospective Customers," a term which potentially encompasses every natural gas customer that is not currently an Infinite customer. Therefore, at the outset, the term is so burdensome, it is impossible to comply with the Request.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

**Request No. 81:**

All documents that Catalyst is using and has used to promote its goods and services to Past, Present and Prospective Customers of Infinite.

**Response to Request No. 81:**

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request on the grounds that it is overly broad and unduly burdensome due to the fact that Catalyst cannot identify Infinite's "Present or Former Customers" without engaging in extensive, time-consuming search efforts. Further, any such search efforts would produce incomplete results because it is impossible for Catalyst to identify all of Infinite's "Present or Former Customers."

This Request is also overly broad due to the fact that it is impossible for Catalyst to determine the identities of Infinite's "Prospective Customers," a term which potentially encompasses every natural gas customer that is not currently an Infinite customer. Therefore, at the outset, the term is so burdensome, it is impossible to comply with the Request.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

85

## Request No. 82:

All documents that reflect when Darren M. Novich first began performing services or acting in any capacity on behalf of Catalyst, whether or not he was formally employed by Catalyst.

## Response to Request No. 82:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 83:

All documents that reflect when Margarita Uruena first began performing services or acting in any capacity on behalf of Catalyst, whether or not she was formally employed by Catalyst.

## Response to Request No. 83:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 84:

All documents that reflect when Zheng "Steve" Han first began performing services or acting in any capacity on behalf of Catalyst, whether or not he was formally employed by Catalyst.

## Response to Request No. 84:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 85:

All documents that reflect when Jay Heo first began performing services or acting in any capacity on behalf of Catalyst, whether or not he was formally employed by Catalyst.

## Response to Request No. 85:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst further objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or

commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

## Request No. 86:

All documents that reflect when Hank Chang first began performing services or acting in any capacity of behalf of Catalyst, whether or not he was formally employed by Catalyst.

## Response to Request No. 86:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst responds that Hank Chang never performed services or acted in any capacity on behalf of Catalyst, and Catalyst therefore has no documents responsive to this Request.

## Request No. 87:

All documents that reflect when Rene Sanchez first began performing services or acting in any capacity on behalf of Catalyst, whether or not he was formally employed by Catalyst.

## Response to Request No. 87:

Catalyst objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor material to claims and defenses in this proceeding. This Request is particularly objectionable to the extent it requests "all documents," including those which are inconsequential or unrelated to this action.

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b). Catalyst will not produce such information.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without waiving same, Catalyst will produce documents responsive to this Request, if any, at a mutually convenient time and place.

**Request No. 88:**

All documents that reflect the knowledge that Rene Sanchez brought with him to Catalyst as stated in Catalyst's Initial Disclosures.

**Response to Request No. 88:**

Catalyst objects to this Request to the extent it seeks information that is a trade secret or other confidential or proprietary research, development, or commercial information. Catalyst will only produce such information pursuant to the entry of a suitable protective order.

Catalyst further objects to this Request on the grounds that the discovery sought is cumulative or duplicative.

Subject to the General Objections and the foregoing objections and without
waiving same, Catalyst will produce documents responsive to this Request, if any,
at a mutually convenient time and place.

Dated this 26th day of February, 2007.

David L. Pardue
Georgia Bar No. 561217
Jill R. Johnson
Georgia Bar No. 602155

HARTMAN, SIMONS, SPIELMAN & WOOD, LLP
6400 Powers Ferry Road, N.W. Suite 400
Atlanta, Georgia 30339
Tel. (770) 955-3555
Fax (770) 858-1095
Attorneys for Defendant Catalyst Energy, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served counsel for the opposing party

with a copy of the within and foregoing by and by placing a true and correct copy

of same in the United States Mail, proper postage affixed thereto, addressed to:

David A. Rabin
Marguerite E. Patrick
Orlando P. Ojeda, Jr.
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326

Michael S. French
Wargo & French, LLP
1170 Peachtree Street
Suite 2020
Atlanta, GA 30326

This 26th day of February, 2007

Jill R. Johnson

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| INFINITE ENERGY, INC., a Florida Corporation, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION FILE ) NO. 1:06-CV-2923-CAP |
| v. | ) ) |
| CATALYST ENERGY, LLC, and DARREN M. NOVICH, an individual, | ) ) ) ) |
| Defendants. | ) |

## **VERIFICATION**

PERSONALLY APPEARED before the undersigned officer, duly authorized by the law of the State of Georgia to administer oaths, Fernando de Agüero, who, after being sworn, deposes and states that he has read **DEFENDANT CATALYST ENERGY, LLC'S RESPONSES TO FIRST INTERROGATORIES FROM PLAINTIFF** and that the contents thereof are true and correct to the best of his knowledge, information and belief.

Executed this ___26___ day of February, 2007.

Fernando de Aguero
Chief Executive Officer, Catalyst Energy, LLC

868045-1 10906.0004000

Sworn to and subscribed before me this

$\underline{2\,6}$ day of $\underline{February}$, 2007.

_____
Notary Public

My commission expires: $\underline{March\,3,2009}$