# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| INFINITE ENERGY, INC., a Florida Corporation, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:06-CV-2923-CAP |
| v. | ) ) | |
| CATALYST ENERGY, LLC, and DARREN M. NOVICH, an individual, | ) ) ) | |
| Defendants. | ) | |

## DEFENDANT CATALYST ENERGY, LLC'S FIRST INTERROGATORIES TO PLAINTIFF

Defendant Catalyst Energy, LLC, pursuant to Rules 26 and 33 of the Federal Rule of Civil Procedure, hereby serves on Plaintiff Infinite Energy, Inc. the following Interrogatories to be answered separately and fully in writing, under oath, within thirty (30) days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.      The terms "Infinite," "you," and "your" shall mean or refer to Plaintiff Infinite Energy, Inc., any of its present or former companies, officers, or directors; any of its related parent companies, divisions, subsidiaries, and affiliates; and any present or former employees, agents, representatives, attorneys, experts, investigators, or insurers, or any person acting on Infinite's behalf.

863878-1 10906.0004000

2.     The term "Catalyst" shall mean or refer to Defendant Catalyst Energy, LLC, any of its present or former companies, officers, or directors; any of its related parent companies, divisions, subsidiaries, and affiliates; and any present or former employees, agents, representatives, attorneys, experts, investigators, or insurers, or any person acting on Catalyst's behalf.

3.     The term "Novich" shall mean or refer to Defendant Darren M. Novich and any present or former agents, representatives, attorneys, or any person acting on Novich's behalf.

4.     The term "Complaint" shall mean the Complaint for Damages and Injunctive Relief and Demand for Jury Trial filed by Infinite in this litigation and all allegations contained therein.

5.     The term "trade secret" shall have the same meaning as in the Official Code of Georgia §10-1-761.

6.     The term "document" shall include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including, but not limited to, any printed, written, recorded, taped, electronic, graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because

of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, papers, newsletters, memoranda, inter-office communications, electronic mail, releases, agreements, contracts, books, pamphlets, studies, minutes of meetings, recordings or other memorials or any type of personal or telephone conversations, meetings or conferences (including, but not limited to, telephone bills and long distance charge slips), reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, canceled or unconcealed checks or drafts, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers, periodical or magazine materials, and any material underlying, supporting or used in the preparation of any documents.  The term "document" also means any and all computer records, data and information of whatever kind whether printed out or stored on or retrievable from floppy diskette, compact diskette, magnetic tape, optical or magnetic-optical disk, hard drive or rapid access memory, including without limitation, all back-up copies, undeleted data, and dormant or remnant files.

7.     "Person," "persons," "individual," or "individuals" shall mean or refer to all entities, including, but not limited to, all natural persons, associations, companies, partnerships, joint ventures, corporations and governmental bodies.

8.     "Knowledge" means information derived from any source, including hearsay knowledge.

9.     "Relates to" or "relating to" or any similar phrase means constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent.

10.     "Communication" means all written communications between two or more persons contained in any documents, or oral communications, including telephone communications, personal conferences, meetings or otherwise, between two or more persons.

11.     The singular and plural shall be construed interchangeably herein.

12.     As used herein, the words "or" and "and" shall mean "and/or."

13.     To "identify" a natural person means to provide his or her: (a) full name; (b) present or last known residence or business address and residence and business telephone numbers, including area code; and (c) present or last known employer, position, or title and job description.

14.     To "identify" a document means: (a) to provide a description of the document; (b) to state the identity of the person(s) who authored or prepared it; (c)

in the case of an agreement or contract, to state the identity of the signatory parties; (d) to state the identity of the addressee(s) and the recipient(s), if any, of the original document and any copy thereof; (e) to state the title thereof, if any, and a description of the general nature of its subject matter; (f) to state the date on the document, or if none, the approximate date of its preparation; (g) to state the present location of any and all copies of the document; and (h) to state the identity of the person(s) who now have custody, control, or possession of the document or copies thereof.

## INSTRUCTIONS

1.    You are to respond to all Interrogatories with any information which you have or which is reasonably available to you, including information in the possession, custody or control of your attorneys, investigators, agents, associates, partners or representatives. If your response to any Interrogatory is that the information is not possessed or reasonably available to you, please describe in detail the efforts you made to locate or obtain the information, together with its likely source.

2.    If you limit, withhold or object to providing any information for any reason of privilege, relevancy or otherwise, please describe in detail (1) the legal or procedural basis for your action, (2) the nature and extent of the limitation or withholding of the information or item, and (3) any legal authority for your action

or limitation, so as to permit judicial evaluation of and ruling upon the propriety of your action or limitation.

3.    Whenever a date, amount, computation, or figure is requested, the exact date, amount, computation or figure is to be given unless it is not known, in which case the approximate or best estimate of the date, amount, computation or figure should be given. The fact that the answer is an approximation should be so stated.

4.    If an objection is made that a particular Interrogatory is overly broad or burdensome, specify the manner in which the Interrogatory is overly broad or burdensome and respond to the Interrogatory as narrowed to conform to any such objection.

## INTERROGATORIES

### Interrogatory No. 1:

Identify and describe in detail all of your alleged trade secrets referred to anywhere in the Complaint.  With respect to each, state separately:

(a)    the date on which the same was developed;

(b)    the steps taken to develop the same;

(c)    the identity of every person who participated in the development of the same and the role that each said person played in the development;

(d)    the cost to Infinite of developing the same or, if not developed by Infinite, the cost to Infinite of acquiring the same, the date acquired and identity of the person, firm or corporation from whom acquired;

(e)    the identity of every person who has had access to the same and whether each person signed a written agreement to maintain the secrecy or confidentiality of the same (1) prior to access and (2) at any time thereafter;

(f)    how the same is labeled or identified as being a trade secret;

(g)    the identity of all documents that refer or relate to the same; and

(h)    the economic value of the same.

**Interrogatory No. 2**:

Identify any information that Infinite claims is not a trade secret but is either confidential or proprietary and describe the economic value of same.

**Interrogatory No. 3**:

Describe in detail all relief, remedies or damages that you are requesting in this litigation from Catalyst, but not limited to:

(a)    a detailed statement of all relief, remedies or damages you are requesting in this litigation based on each count in your Complaint;

(b)    the amount of all such relief, remedies or damage and the manner or method for calculating all relief, remedies or damages that you are requesting in this litigation based on each count in your Complaint;

(c)    the identity of each person who has knowledge of facts that support or refute the relief, remedies or damages as well as the identity of each person who has knowledge of facts that support or refute the amount, manner or method for calculating such relief, remedies or damages that you are requesting; and

(d)    the identity of all documents that support or refute the relief, remedies or damages as well as the identity of all documents that support or refute the amount, manner or method for calculating such relief, remedies or damages that you are requesting.

**Interrogatory No. 4:**

Identify and describe in detail every copyright or copyrighted work that you claim is at issue in this case and for each such copyright or copyrighted work identified, provide the date of its creation, its author(s) or contributor(s), the contributions of each author or contributor, its date of first publication, whether each work is subject to a valid U.S. Copyright Registration, and the registration number of each such U.S. Copyright Registration.

**Interrogatory No. 5:**

Identify every original element of every copyrighted work that you identified in response to Interrogatory No. 4 above.

**Interrogatory No. 6:**

For each expert witness whom you expect to call to testify at any hearing or trial of this action, identify the expert's name, each document provided to such person and each document otherwise used by, relied upon, known or available to, or created in whole or in part by said person in connection with that person's role in this case and which forms a part of the basis of any opinion to which said person is expected to testify, and identify all documents that reflect, refer, or relate to your response to this Interrogatory.

**Interrogatory No. 7:**

Identify all documents that reflect, refer or relate to the resources and efforts used to develop any of the alleged trade secrets referenced in the Complaint.

**Interrogatory No. 8:**

Describe in detail all measures taken by Infinite to maintain the confidentiality of the alleged trade secrets referenced in the Complaint.

**Interrogatory No. 9:**

Identify the fourteen (14) customers referenced in Paragraph 49 of the Complaint.

**Interrogatory No. 10:**

Identify all present, former and prospective Infinite customers who have transferred their business to Catalyst.

**Interrogatory No. 11**:

Identify all present, former and prospective Infinite customers who have transferred their business to any other natural gas marketer besides Catalyst.

**Interrogatory No. 12:**

Describe in detail all facts supporting the allegation set forth in Paragraph 56 of the Complaint that "Defendants are now using Infinite Energy's confidential and proprietary information to target Infinite Energy's customers and remaining employees in their ongoing scheme to unfairly compete against Infinite Energy in the marketplace."

**Interrogatory No. 13:**

Describe in detail all facts supporting the allegation set forth in Paragraph 77 of the Complaint that "Catalyst conspired and participated with Novich in his conversion of Infinite Energy's property."

**Interrogatory No. 14:**

Identify all customers that ceased purchasing or using natural gas from Infinite prior to February 2007, the date on which each such customer ceased doing so, and any reason(s) cited by each such customer for doing so.

**Interrogatory No. 15**:

Identify each person who provided information in connection with your responses to these Interrogatories.

**Interrogatory No. 16**:

Describe in detail the criteria utilized in hiring Infinite salespersons, including but not limited to, any references Infinite requires and any documents Infinite reviews during the hiring process.

**Interrogatory No. 17**:

Identify all persons involved in the drafting of your CGS Agreement and for each such person identified, describe that person's role in the drafting of your CGS Agreement.

Dated this 5th day of February, 2007.

David L. Pardue
Georgia Bar No. 561217
Jill R. Johnson
Georgia Bar No. 602155

HARTMAN, SIMONS, SPIELMAN & WOOD, LLP
6400 Powers Ferry Road, N.W. Suite 400
Atlanta, Georgia 30339
Tel. (770) 955-3555
Fax (770) 858-1095
Attorneys for Defendant Catalyst Energy, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served counsel for the opposing party

with a copy of the within and foregoing by hand delivery to:

David A. Rabin
Marguerite E. Patrick
Orlando P. Ojeda, Jr.
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326

and by depositing a copy in the United States mail, postage prepaid, addressed to:

Michael S. French
Wargo & French, LLP
1170 Peachtree Street
Suite 2020
Atlanta, GA 30326

David L. Pardue