# EXHIBIT "B"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

INFINITE ENERGY, INC., a Florida
corporation,

        Plaintiff,

v.

CATALYST ENERGY, LLC, and
DARREN M. NOVICH, an individual,

        Defendants.

_____

DARREN M. NOVICH,

        Counter-Plaintiff,

v.

INFINITE ENERGY, INC.,

        Counter-Defendant.

_____

CIVIL ACTION FILE

NO. 1:06-CV-2923-CAP

## RESPONSES AND OBJECTIONS OF INFINITE ENERGY, INC. TO DEFENDANT CATALYST ENERGY, LLC'S FIRST INTERROGATORIES TO PLAINTIFF

Pursuant to Fed. R. Civ. P. 33, Plaintiff Infinite Energy, Inc. ("Infinite") hereby

responds and objects to Defendant Catalyst Energy, LLC's ("Catalyst") First Set of

Interrogatories as follows:

1618964 v01

## GENERAL OBJECTIONS

1. Infinite objects to each interrogatory as unduly burdensome to the extent that it purports to impose burdens and duties on Infinite that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure and the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia.

2. Infinite objects to each interrogatory as unduly burdensome and beyond the scope of permissible discovery to the extent that it seeks information not in Infinite's possession, custody, or control and not kept by Infinite in its ordinary course of business. Infinite will produce information that is in Infinite's possession, custody or control and that is kept by Infinite in its ordinary course of business.

3. Infinite objects to each interrogatory to the extent that it purports to require disclosure of privileged information, including information protected by attorney-client privilege or work-product immunity. Except where specifically stated otherwise, Infinite will not produce any privileged or work product documents.

4. Infinite objects to Catalyst's requirements for identification of privileged documents to the extent that such requirements exceed those set forth in Fed.R.Civ.P. 26(b)(5). Infinite will describe any documents withheld from production as privileged in a privilege log, to be provided within a reasonable time after production of

documents and at an agreed upon time for exchange of privilege logs, in a manner that will enable Catalyst to assess the applicability of the privilege or protection, without revealing information itself privileged or protected.

5.     Infinite objects to Catalyst's "Instructions" and "Definitions" to the extent that they purport to impose burdens and duties on Infinite that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure and the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia.

6.     Infinite objects to each interrogatory to the extent that it seeks information in Catalyst's possession or information that is available to Catalyst from public or government sources or that is equally available to both Catalyst and Infinite.

7.     Infinite objects to each interrogatory to the extent that it seeks information containing Infinite's trade secrets or any other confidential information. Upon entry of a suitable protective order, Infinite will withdraw this objection.

8.     Infinite objects to each interrogatory as unduly burdensome to the extent that it encompasses information created in connection with this litigation, or after the inception of this litigation.

9.     Infinite reserves its right to produce evidence of any subsequently discovered fact, to alter or amend its objections and responses set forth herein, and

otherwise to assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed.

10. Nothing in these responses is an admission by Infinite relative to the existence or nonexistence of any information. Where Infinite responds that it will produce certain categories of information, such response should be construed to mean that Infinite will produce such information, if they are found to exist after a reasonable search.

11. Nothing in these responses is an admission concerning the relevance or admissibility of any information or the truth or accuracy of any statement or characterization contained in any interrogatory.

The General Objections set forth above and the objections to specific requests set forth below are made as to matters clearly objectionable on the face of the requests. The specific responses provided below are made subject to and without waiving the foregoing General Objections.

## INTERROGATORIES AND RESPONSES

### INTERROGATORY NO. 1:

Identify and describe in detail all of your alleged trade secrets referred to anywhere in the Complaint. With respect to each, state separately:

(a)     the date on which the same was developed;

1618964 v01

(b)    the steps taken to develop the same;

(c)    the identity of every person who participated in the development of the same and the role that each said person played in the development;

(d)    the cost to Infinite of developing the same or, if not developed by Infinite, the cost to Infinite of acquiring the same, the date acquired and identity of the person, firm or corporation from whom acquired;

(e)    the identity of every person who has had access to the same and whether each person signed a written agreement to maintain the secrecy or confidentiality of the same (1) prior to access and (2) at any time thereafter; how the same is labeled or identified as being a trade secret; the identity of all documents that refer or relate to the same; and the economic value of the same;

(f)    how the same is labeled or identified as being a trade secret;

(g)    the identity of all documents that refer or relate to the same; and

(h)    the economic value of the same.

RESPONSE TO INTERROGATORY NO. 1:

Infinite objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information that is not relevant to any claims or defenses in this action. Infinite objects to this Interrogatory in that it seeks Infinite's trade secrets and related confidential and proprietary research. Infinite will only provide such information pursuant to the entry of a suitable protective order.

Subject to these and the foregoing General Objections, Infinite responds that it will produce documents that contain the requested information once a suitable protective order is in place. Infinite also responds that its trade secrets provide it with

1618964 v01

great economic value because they have enabled it to generate significant revenues. It would be detrimental to Infinite's competitive position in the industry if Catalyst, or any other competitor, were to utilize Infinite's trade secrets to compete against it.

INTERROGATORY NO. 2:

Identify any information that Infinite claims is not a trade secret but is either confidential or proprietary and describe the economic value of same.

RESPONSE TO INTERROGATORY NO. 2:

Infinite objects to this Interrogatory in that it seeks Infinite's confidential and proprietary information. Infinite will only identify such information pursuant to the entry of a suitable protective order. Subject to these and the foregoing General Objections, Infinite responds that it will produce its business records that contain the requested information once a suitable protective order is in place. With regard to the economic value of this information, Infinite responds that using its confidential and proprietary information has enabled it to generate significant revenues. If this information were obtained and used by Catalyst, or any other competitor, Infinite would be damaged because Infinite's competitive position in the industry would be harmed.

INTERROGATORY NO. 3:

Describe in detail all relief, remedies or damages that you are requesting in this litigation from Catalyst, but not limited to:

-6-

(a)     a detailed statement of all relief, remedies or damages you are requesting in this litigation based on each count in your Complaint;

(b)     the amount of all such relief, remedies or damage and the manner or method for calculating all relief, remedies or damages that you are requesting in this Litigation based on each count in your Complaint;

(c)     the identity of each person who has knowledge of facts that support or refute the relief, remedies or damages as well as the identity of each person who has knowledge of facts that support or refute the amount, manner or method for calculating such relief, remedies or damages that you are requesting; and

(d)     the identity of all documents that support or refute the relief, remedies or damages as well as the identity of all documents that support or refute the amount, manner or method for calculating such relief, remedies or damages that you are requesting.

RESPONSE TO INTERROGATORY NO. 3:

Infinite objects to Interrogatory No. 3 as being premature in that the parties are in discovery and the full scope of the response to this Interrogatory is not yet known. Subject to the foregoing General Objections, Infinite responds that it seeks to enjoin Catalyst from misappropriating, disclosing and using Infinite's trade secrets, confidential information and other property. Infinite also seeks the return of all of its trade secrets, confidential information and other property from Catalyst. Infinite further seeks to enjoin Catalyst from infringing upon its copyrighted work.

Infinite seeks damages from Catalyst for the damages caused by Catalyst's conspiring with Defendant Novich in his breaches of fiduciary duty. Infinite is not yet

1618964 v01

in a position to determine or calculate the entirety of these damages and therefore specifically reserves its right to supplement the same.

Infinite seeks damages from Catalyst for the damages caused by Catalyst's conspiring with Defendant Novich in his breaches of duty of good faith and loyalty. Infinite is not yet in a position to determine or calculate the entirety of these damages and therefore specifically reserves its right to supplement the same.

Infinite seeks damages from Catalyst for the damages caused by Catalyst's conspiring with Defendant Novich in his conversion of Infinite's property. Infinite is not yet in a position to determine or calculate the entirety of these damages and therefore specifically reserves its right to supplement the same.

Infinite seeks damages from Catalyst in an amount equal to the monies that Catalyst has received as a result of its use of Infinite's property. Infinite is not yet in a position to determine or calculate the entirety of these damages and therefore specifically reserves its right to supplement the same.

Infinite seeks damages from Catalyst for damages caused to Infinite by Catalyst's unfair competition. Infinite is not yet in a position to determine or calculate the entirety of these damages and therefore specifically reserves its right to supplement the same.

Infinite seeks relief from Catalyst for its tortious interference with Infinite's business and contractual relations. Infinite is not yet in a position to determine or calculate the entirety of these damages and therefore specifically reserves its right to supplement the same.

Infinite also seeks relief from Catalyst for its infringement of its copyright protected CGS Agreement as set forth in the Complaint. Infinite is not yet in a position to determine or calculate the entirety of these damages and therefore specifically reserves its right to supplement the same.

Based upon Catalyst's intentional and willful bad acts, Infinite seeks an award of punitive damages against Catalyst in an amount to be determined.

Infinite also seeks its attorneys' fees and costs of litigation.

Infinite also responds that it will produce its non-confidential business records that reflect the requested information. Once an appropriate protective order is in place, Infinite will produce any responsive confidential business records.

INTERROGATORY NO. 4:

Identify and describe in detail every copyright or copyrighted work that you claim is at issue in this case and for each such copyright or copyrighted work identified, provide the date of its creation, its author(s) or contributor(s), the contributions of each author or contributor, its date of first publication, whether each

work is subject to a valid U.S. Copyright Registration, and the registration number of each such U.S. Copyright Registration.

RESPONSE TO INTERROGATORY NO. 4:

Presently, the copyright and copyrighted work currently at issue in this case is described in the Complaint, and a copy of the U.S. Copyright Registration is attached thereto. As such, the information sought by this Interrogatory is as readily accessible to Catalyst as it is to Infinite. Subject to these and the foregoing General Objections, Infinite responds that it will produce its business records that reflect the requested information.

INTERROGATORY NO. 5:

Identify every original element of every copyrighted work that you identified in response to Interrogatory No. 4 above.

RESPONSE TO INTERROGATORY NO. 5:

Infinite objects to this Interrogatory on the ground that it is so vague that Infinite cannot determine what information is being sought. Subject to this and the foregoing General Objections, Infinite states that the copyrighted work as referenced in the Complaint is an original work.

INTERROGATORY NO. 6:

For each expert witness whom you expect to call to testify at any hearing or trial of this action, identify the expert's name, each document provided to such person and each document otherwise used by, relied upon, known or available to, or created in whole or in part by said person in connection with that person's role in this case and which forms a part of the basis of any opinion to which said person is expected to

testify, and identify all documents that reflect, refer, or relate to your response to this Interrogatory.

RESPONSE TO INTERROGATORY NO. 6:

Infinite objects to this Interrogatory to the extent it seeks information protected from discovery under the attorney-client privilege, the work product doctrine and or Fed.R.Civ.P. 26(b), and to the extent it seeks information in excess of that required by the Federal Rules of Civil Procedure. Subject to this and the foregoing General Objections, Infinite responds that it has no such information at this time. Infinite specifically reserves the right to supplement this response.

INTERROGATORY NO. 7:

Identify all documents that reflect, refer or relate to the resources and efforts used to develop any of the alleged trade secrets referenced in the Complaint.

RESPONSE TO INTERROGATORY NO. 7:

Infinite objects to this Interrogatory on the ground that it is so vague that Infinite cannot determine what information is being sought.

INTERROGATORY NO. 8:

Describe in detail all measures taken by Infinite to maintain the confidentiality of the alleged trade secrets referenced in the Complaint.

RESPONSE TO INTERROGATORY NO. 8:

Infinite objects to this Interrogatory as being overly broad and unduly burdensome in that it asks Infinite to "[d]escribe in detail all measures taken." Subject

1618964 v01

to this and the foregoing General Objections, Infinite responds that Infinite limits access to its trade secrets in order to maintain the confidentiality of the same. The measures taken by Infinite to maintain the confidentiality of its trade secrets include, but are not limited to, the following.

Infinite limits access to its office buildings during non-business hours. During non-business hours, access to the building is by key access only and only a very limited number of employees have key access. Until recently, both the Atlanta office and the Gainesville office were protected during non-business hours by key pad access. The code was changed each time an employee with access to the code left the employment of Infinite. Both offices are protected by a burglary alarm system. Both offices operate security cameras. Both offices have receptionists greeting visitors. Visitors may only leave the reception area to access other areas of Infinite's offices if they are escorted by an Infinite employee.

With regard to its hard copy trade secrets, Infinite maintains one set of its confidential trade secrets in locked file cabinets to which select few have access.

With regard to its electronic trade secrets, those are maintained on a limited access network, that is password protected, and is accessible only by certain of Infinite's employees. Only certain of Infinite's employees have access to Infinite's

1618964 v01

network, and of those certain employees, only certain ones have access to other password protected parts of Infinite's network.

With regard to the sales division, Infinite tells the employees in that division to maintain the confidentiality of all contracts, customer lists and related confidential information. Infinite's corporate practice is to maintain its confidential documents as confidential. Access to this information also is severely restricted and limited.

All home grown computer system applications are password protected. Each application has a separate password which is required to enable access. Only a few employees have access to certain of the system applications.

Infinite shreds all discarded confidential hard copy materials and storage media. Infinite also wipes an individual's hard drive of all material when that employee leaves Infinite's employment. Only then is the laptop redeployed to a different employee. This prevents an employee from having access to any confidential materials to which he or she should not have access.

Infinite's employees are instructed about the confidential nature of this information and the need to protect the information as such. Infinite specifically reserves its right to supplement this response.

<u>INTERROGATORY NO. 9</u>:

Identify the fourteen (14) customers referenced in Paragraph 49 of the Complaint.

<u>RESPONSE TO INTERROGATORY NO. 9</u>:

Subject to the foregoing General Objections, Infinite identifies the following customers as certain of those referenced in Paragraph 49 of the Complaint:

Brook Apartments, LLC; Walks Apartments, LLC; Corners Apartments, LLC; R. James; several First Communities, Inc.'s properties; Westdale Asset Management; D.E.L. Development Corp.; Pinnacle; The Conservatory Peachtree Corners; Conservatory Druid Hills; Silver Creek Associates; The Pines of Southlake; Lake Harbin; 46663 Waldrop Dr. Appt.; and 1049 Powers Ferry.

<u>INTERROGATORY NO. 10</u>:

Identify all present, former and prospective Infinite customers who have transferred their business to Catalyst.

<u>RESPONSE TO INTERROGATORY NO. 10</u>:

Infinite objects to this Interrogatory on the grounds that it is premature as discovery is ongoing in this case, and this Interrogatory cannot be answered fully until Infinite has pursued discovery. Subject to these and the foregoing General Objections, Infinite states that it will produce this documentation that reflects this information at a mutually convenient time and place.

Infinite objects to Interrogatories 11 through 17 on the ground that they exceed

the limit of 25 interrogatories imposed by Fed.R.Civ.P. 33(a). In addition, Infinite

objects to Interrogatories 11 through 17 as follows:

INTERROGATORY NO. 11:

Identify all present, former and prospective Infinite customers who have
transferred their business to any other natural gas marketer besides Catalyst.

RESPONSE TO INTERROGATORY NO. 11:

Infinite objects to this Interrogatory on the grounds that it is premature as

discovery is ongoing in this case, and this Interrogatory cannot be answered fully until

Infinite has pursued discovery. Infinite also objects to this Interrogatory on the

grounds that it is overly broad and seeks information that is not relevant to any claims

and defenses in this action. Infinite objects to Interrogatory No. 11 on the ground that

it exceeds the limit of 25 interrogatories imposed by Fed.R.Civ.P. 33(a).

INTERROGATORY NO. 12:

Describe in detail all facts supporting the allegation set forth in Paragraph 56 of
the Complaint that "Defendants are now using Infinite Energy's confidential and
proprietary information to target Infinite Energy's customers and remaining
employees in their ongoing scheme to unfairly compete against Infinite Energy in the
marketplace."

 1618964 v01

RESPONSE TO INTERROGATORY NO. 12:

Infinite objects to this Interrogatory on the grounds that it is premature as discovery is ongoing in this case, and this Interrogatory cannot be answered fully until Infinite has pursued discovery. Infinite objects to Interrogatory No. 12 on the ground that it exceeds the limit of 25 interrogatories imposed by Fed.R.Civ.P. 33(a).

INTERROGATORY NO. 13:

Describe in detail all facts supporting the allegation set forth in Paragraph 77 of the Complaint that "Catalyst conspired and participated with Novich in his conversion of Infinite Energy's property."

RESPONSE TO INTERROGATORY NO. 13:

Infinite objects to this Interrogatory on the grounds that it is premature as discovery is ongoing in this case, and this Interrogatory cannot be answered fully until Infinite has pursued discovery. Infinite objects to Interrogatory No. 13 on the ground that it exceeds the limit of 25 interrogatories imposed by Fed.R.Civ.P. 33(a).

INTERROGATORY NO. 14:

Identify all customers that ceased purchasing or using natural gas from Infinite prior to February 2007, the date on which each such customer ceased doing so, and any reason(s) cited by each such customer for doing so.

RESPONSE TO INTERROGATORY NO. 14:

Infinite objects to Interrogatory No. 14 as overly broad and unduly burdensome. Infinite also objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claims and defenses in this action. Infinite objects to

-16-

Interrogatory No. 14 on the ground that it exceeds the limit of 25 interrogatories imposed by Fed.R.Civ.P. 33(a).

INTERROGATORY NO. 15:

Identify each person who provided information in connection with your responses to these Interrogatories.

RESPONSE TO INTERROGATORY NO. 15:

Infinite objects to Interrogatory No. 15 on the ground that it exceeds the limit of 25 interrogatories imposed by Fed.R.Civ.P. 33(a).

INTERROGATORY NO. 16:

Describe in detail the criteria utilized in hiring Infinite salespersons, including but not limited to, any references Infinite requires and any documents Infinite reviews during the hiring process.

RESPONSE TO INTERROGATORY NO. 16:

Infinite objects to Interrogatory on the grounds that it seeks information that is not relevant to any claims and defenses in this action. Infinite objects to Interrogatory No. 16 on the ground that it exceeds the limit of 25 interrogatories imposed by Fed.R.Civ.P. 33(a).

INTERROGATORY NO. 17:

Identify all persons involved in the drafting of your CGS Agreement and for each such person identified, describe that person's role in the drafting of your CGS Agreement.

1618964 v01

RESPONSE TO INTERROGATORY NO. 17:

Infinite objects to Interrogatory No. 17 on the ground that it exceeds the limit

of 25 interrogatories imposed by Fed.R.Civ.P. 33(a).

**MORRIS, MANNING & MARTIN, LLP**

By:_____

    David A. Rabin
    Georgia Bar No. 591469
    Marguerite E. Patrick
    Georgia Bar No. 566187
    Orlando P. Ojeda, Jr.
    Georgia Bar No. 152392

Attorneys for Plaintiff Infinite Energy, Inc.

1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, Georgia 30326
(404) 233-7000
(404) 365-9532 (fax)

1618964 v01

STATE OF FLORIDA    :
                    :    SS.
COUNTY OF ALACHUA:

## VERIFICATION

Personally appeared before the undersigned officer, duly authorized by law to administer oaths, Darin Cook, who, after first being duly sworn, states that he is the President and CEO of Infinite Energy, Inc., that he is authorized to make this Verification on its behalf, and that the facts contained in the within and foregoing Responses and Objections of Infinite Energy, Inc. to Defendant Catalyst Energy, LLC's First Interrogatories to Plaintiff are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED
before me this _____12+h_____ day
of _____March_____,2007.

_____
Notary Public
My commission expires: _3/12/10_
        (NOTARIAL SEAL)

Notary Public State of Florida
Marsha Croom
My Commission DD527409
Expires 03/12/2010

-19-

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D, the undersigned counsel certify that the foregoing has been prepared in Times New Roman 14 point, one of the four fonts and points approved by the Court in LR 5.1C.

_____
Marguerite E. Patrick

1618964 v01

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

INFINITE ENERGY, INC., a Florida
corporation,

   Plaintiff,

v.

CATALYST ENERGY, LLC, and
DARREN M. NOVICH, an individual,

   Defendants.

_____

DARREN M. NOVICH,

   Counter-Plaintiff,

v.

INFINITE ENERGY, INC.,

   Counter-Defendant.

_____

CIVIL ACTION FILE

NO. 1:06-CV-2923-CAP

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day, served a true and correct copy of the

within and foregoing **RESPONSES AND OBJECTIONS OF INFINITE**

**ENERGY, INC. TO DEFENDANT CATALYST ENERGY, LLC'S FIRST**

**INTERROGATORIES TO PLAINTIFF** upon all parties to this matter by

1618964 v01

depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly

addressed to the following:

David L. Pardue, Esq.
Jill R. Johnson, Esq.
Stephen C. Belan, Esq.
Hartman, Simons, Spielman & Wood, LLP
6400 Powers Ferry Road NW, Suite 400
Atlanta, GA 30339
dpardue@hssw.com
jilljohnson@hssw.com
sbelan@hssw.com

Michael S. French, Esq.
Julie C. Jared, Esq.
Sarah-Nell H. Walsh, Esq.
Wargo & French, LLP
Suite 2020
1170 Peachtree Street
Atlanta, GA 30326
mfrench@wargofrench.com
jjared@wargofrench.com
swalsh@wargofrench.com

This __12__ day of March, 2007.

Marguerite E. Patrick
Georgia Bar No. 566187

Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, GA 30326
(404) 233-7000

1618964 v01