# EXHIBIT "C"



[ L. Pardue
Direct Dial: (770) 226-1347
Direct FAX: (770) 858-1095
E-MAIL: dpardue@hssw.com

Hartman, Simons,
Spielman &Wood, LLP

May 9, 2007

**VIA EMAIL** (bpatrick@mmmlaw.com)
**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Marguerite E. Patrick, Esq.
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, Georgia 30326

> RE: <u>Infinite Energy, Inc. v. Catalyst Energy, LLC and Darren M. Novich</u>
> United States District Court for the Northern District of Georgia, Atlanta Division
> Civil Action File No. 1:06-CV-2923-CAP

Dear Ms. Patrick:

We write this letter to address deficiencies in Plaintiff Infinite Energy, Inc.'s ("Infinite") Responses to Defendant Catalyst Energy, LLC's ("Catalyst") First Interrogatories (the "Interrogatories") and First Request for Production of Documents (the "Document Requests"). This letter is intended to satisfy the good faith meet and confer requirements of Rule 37(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.

## I. INFINITE'S INCOMPLETE WRITTEN DISCOVERY RESPONSES

We have received and reviewed Infinite's responses and objections to the Interrogatories and Document Requests. The responses are extremely deficient. Little to no information was provided in Infinite's responses to the Interrogatories. No documents were produced or even specifically identified in Infinite's responses to Catalyst's Interrogatories and Document Requests. This is not acceptable given the fact that Infinite is the Plaintiff, is accusing Catalyst of misappropriating trade secrets and has already obtained an ex parte Temporary Restraining Order and Temporary Injunction. Please cure these defects by providing all of the information available to Infinite as required by Fed. R. Civ. P. 33 and 34 on or before Friday, May 18, 2007.

### A. Infinite's Responses to the Interrogatories

Interrogatory No. 1

Interrogatory No. 1 seeks specific information about Infinite's trade secrets that are the basis of Count 1 of Infinite's Complaint. Thus, Infinite's objection to this Interrogatory on the

grounds that it "is not relevant to any claims or defenses in this action" is utterly frivolous and completely without merit. Infinite's alleged trade secrets are *the very essence* of this dispute.

It is well settled that a plaintiff in a trade secret case must identify its trade secrets with specificity prior to obtaining discovery of a defendant's information. See, e.g., Porous Media Corp. v. Midland Brake, Inc., 187 F.R.D. 598, 600 (D. Minn. 1999). See also, Del Monte Fresh Produce Co. v. Dole Food Co., 148 F.Supp.2d 1322 (S.D. Fla. 2001); Duracell Inc. v. SW Consultants, Inc., 126 F.R.D. 576 (N.D. Ga. 1989). Early identification of trade secrets is required because: (1) such specification is necessary in order to determine the proper scope of relevant information and discovery; and (2) the interests of justice do not permit a plaintiff to pore over a defendant's information in an effort to find something the plaintiff can then claim—in hindsight—as its own trade secret. See Duracell, 126 F.R.D. at 578-79 (N.D. Ga. 1989); Leucadia, Inc. v. Applied Extrusion Tech, Inc., 755 F. Supp., 635, 637 (D. Del. 1991); Xerox Corp. v. IBM Corp., 64 F.R.D. 367, 371-72 (S.D.N.Y. 1974); Englehard Corp. v. Savin Corp., 505 A.2d 30, 32-33 (Del. Ch. 1986); Magnox v. Turner, No. 11951, 1991 WL 182450, at *1 (Del. Ch. Sept. 10, 1991); Struthers Scientific & Int'l Corp. v. General Foods Corp., 51 F.R.D. 149, 152 (D. Del. 1970); Automed Techs., Inc. v. Eller, et al., 160 F. Supp. 2d 915, 926 (N.D. Ill. 2001) (stating "[w]e will not permit plaintiff to go on a 'fishing expedition' through [defendant's] files. Plaintiff must articulate what specific information they believe defendants have misappropriated, so [the court] can assess whether its requests are reasonably tailored to discover relevant evidence.")

When a plaintiff is required to identify its trade secrets, general and amorphous descriptions do not suffice. A plaintiff must describe its trade secrets "in detail" and with "reasonable particularity." See e.g., Del Monte, 148 F.Supp.2d at 1325; Porous Media, 187 F.R.D. at 600 ("generalized statements wholly fail to provide the particulars or specificity required by law"). Consequently, Infinite must reveal the information it ultimately seeks to protect. Catalyst therefore demands that Infinite withdraw these improper objections to Interrogatory No. 1 and produce a detailed description of each and every trade secret that Infinite claims was misappropriated by Catalyst on or before May 18, 2007.

Furthermore, Infinite agreed to "produce documents that contain the requested information once a suitable protective order is in place." The Court entered a Stipulated Protective Order (the "Protective Order") in this matter on April 16, 2007 at the request of all of the parties. Catalyst has already provided copious information to Infinite under court order. Catalyst shall not provide further discovery until Infinite specifically identifies its trade secrets. Furthermore, simply agreeing to produce the information at a future date does not satisfy Infinite's obligations under Fed. R. Civ. P. 33 or 34. Therefore, Catalyst demands that Infinite provide the requested information without further delay on or before May 18, 2007.

Interrogatory No. 2

Interrogatory No. 2 seeks information Infinite claims is not a trade secret but is either confidential or proprietary. This information pertains directly to allegations made in Infinite's Complaint. Infinite agrees to "identify such information pursuant to the entry of a suitable protective order." The Court entered the Protective Order in this matter on April 16, 2007 at the request of all of the parties. Therefore, Catalyst demands that Infinite provide the requested information on or before May 18, 2007.

Interrogatory No. 3

Interrogatory No. 3 seeks a detailed description of all relief, remedies or damages to which Infinite claims it is entitled. Infinite objects to this Interrogatory on the grounds that it is "premature" and that "the parties are in discovery and the full scope of the response to this Interrogatory is not yet known." However, Infinite has had approximately five (5) months of time since it filed suit on November 30, 2006 to "determine or calculate the entirety" of its damages. Infinite has therefore had adequate time to determine the damages it seeks against Catalyst and must provide a complete response to Interrogatory No. 3 on or before May 18, 2007.

Infinite also agrees to "produce its non-confidential business records that reflect the requested information [o]nce an appropriate protective order is in place." The Court entered the Protective Order in this matter on April 16, 2007 at the request of all of the parties. Therefore, Catalyst demands that Infinite provide the requested information on or before May 18, 2007.

Interrogatory No. 4

Catalyst demands that Infinite produce its "business records" referenced in response to Interrogatory No. 4 (seeking information regarding Infinite's copyright or copyrighted work) on or before May 18, 2007.

Interrogatory No. 5

Interrogatory No. 5 seeks identification of every original element of every copyrighted work identified in Interrogatory No. 4. Infinite completely fails to respond to this Interrogatory. Instead, Infinite objects on the grounds that the Interrogatory is "so vague that [it] cannot determine what information is being sought." This objection has absolutely no merit. As you know, a copyrighted work must contain original elements to be protectable. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340 (1991). Feist requires a plaintiff to show that it has an original work and not merely a compilation of unprotectable data. Accordingly, Catalyst demands that Infinite respond fully to Interrogatory No. 5 and identify every original element of every copyrighted work set forth in the Complaint on or before Friday, May 18, 2007.

Marguerite E. Patrick, Esq.
May 9, 2007
Page 4

### Interrogatory No. 7

Interrogatory No. 7 seeks identification of all documents that reflect, refer or relate to the resources and efforts used to develop any of the alleged trade secrets referenced in Infinite's Complaint. Infinite completely fails to respond to this Interrogatory. Instead, Infinite objects on the grounds that the Interrogatory is "so vague that [it] cannot determine what information is being sought." This objection is frivolous and interposed in bad faith. The Interrogatory was written in plain English and you know exactly what it means. No further comment should be necessary and a failure to respond should draw sanctions. Catalyst is certainly entitled to the information sought in Interrogatory No. 7 because that information relates directly to Infinite's purported trade secrets. Catalyst therefore demands that Infinite withdraw the improper objection and fully respond to Interrogatory No. 7 on or before May 18, 2007.

### Interrogatory No. 10

Interrogatory No. 10 seeks information regarding the identity of all present, former and prospective Infinite customers who have transferred their business to Catalyst. Infinite objects to the Interrogatory on the grounds that "it is premature as discovery is ongoing in this case, and...cannot be answered fully until Infinite has pursued discovery." Infinite filed suit in this matter on November 30, 2006, approximately five (5) months ago, and discovery in this case began on January 22, 2007, over three (3) months ago. Infinite has had adequate time to determine the identity of the customers that have or are in the process of transferring their business from Infinite to Catalyst. Infinite can supplement its response as new information becomes available.

Infinite also objects to this Interrogatory on the grounds that it is "overly broad and seeks information that is not relevant to any claims and defenses in this action." This objection is groundless. Catalyst is entitled to information regarding Infinite's customer retention information because Infinite is claiming that it suffered economic damages as a result of the allegations set forth in the Complaint. Therefore, Catalyst demands that Infinite provide the requested information on or before May 18, 2007.

### Interrogatory No. 11

Infinite has also objected to Interrogatory Nos. 11 through 17 on the basis that these Interrogatories allegedly "exceed the limit of 25 interrogatories imposed by Fed. R. Civ. P. 33(a)." Fed. R. Civ. P. 33(a) limits the number of interrogatories a party may serve upon another to "25 in number including all *discrete* subparts...." (Emphasis added). If the subparts are "logically or factually subsumed within and necessarily related to the primary [interrogatory] question" then they are not "discrete" and should not be counted as independent questions. Manship v. US, 232 F.R.D. 552, 554 (M.D. La. 2005); Dang v. Cross, 2002 WL 432197 (C.D. Cal. 2002); Kendall v. GES Exposition Servs., Inc., 174 F.R.D. 684 (D. Nev. 1997). "Genuine subparts should not be counted as separate interrogatories...." Kendall, 174 F.R.D. at 685. Out

of the seventeen (17) Interrogatories served on Infinite, only Interrogatories Nos. 1 and 3 contain subparts. All subparts to Interrogatories Nos. 1 and 3 are secondary to the primary questions posed and do not constitute "discrete" subparts. Thus, they do not count as separate Interrogatories. "The purpose of the limit on interrogatories is not to prevent discovery but to prevent potentially excessive use of this particular discovery device." Power & Telephone Supply Co., Inc. v. Suntrust Banks, Inc., 2004 WL 784533, *1 (W.D. Tenn. 2004). Catalyst is clearly not attempting to abuse the written discovery process by serving Infinite with seventeen (17) Interrogatories. It appears that Infinite has asserted this objection for no other purpose than to avoid responding to discovery in this case. Therefore, Catalyst demands that Infinite withdraw this objection and respond fully to Interrogatory Nos. 11 through 17 on or before May 18, 2007.

Interrogatory No. 12

Interrogatory No. 12 seeks information supporting Infinite's allegation set forth in Paragraph 56 of the Complaint. Infinite objects to this Interrogatory on the grounds that that "it is premature as discovery is ongoing in this case, and…cannot be answered fully until Infinite has pursued discovery." Infinite filed suit in this matter on November 30, 2006, approximately five (5) months ago, and discovery in this case began on January 22, 2007, over three (3) months ago. This objection does not evince a bona fide attempt to make an adequate response to this interrogatory. Infinite has had ample time to determine how it believes Catalyst is purportedly using Infinite's confidential and proprietary information to target Infinite's customers and remaining employees.

Infinite also objects to this Interrogatory on the grounds that Catalyst exceeded the limit of 25 interrogatories imposed by Fed. R. Civ. P. 33(a). As discussed above, this objection is completely without merit. Therefore, Catalyst demands that Infinite provide the requested information on or before May 18, 2007. Infinite can supplement its response as new information becomes available.

Interrogatory No. 13

Interrogatory No. 13 seeks information supporting Infinite's allegation set forth in Paragraph 77 of the Complaint. Infinite objects to the Interrogatory on the grounds that that "it is premature as discovery is ongoing in this case, and…cannot be answered fully until Infinite has pursued discovery." Infinite filed suit in this matter on November 30, 2006, approximately five (5) months ago, and discovery in this case began on January 22, 2007, over three (3) months ago. This objection does not evince a bona fide attempt to make an adequate response. Infinite has had ample time to determine how it believes Catalyst purportedly conspired and participated with Defendant Darren Novich in his alleged conversion of Infinite's property. Therefore, Catalyst demands that Infinite provide the requested information on or before May 18, 2007.

Infinite also objects to this Interrogatory on the grounds that Catalyst exceeded the limit of 25 interrogatories imposed by Fed. R. Civ. P. 33(a). As discussed above, this objection is completely without merit. Therefore, Catalyst demands that Infinite provide the requested information on or before May 18, 2007.

Interrogatory No. 14

Interrogatory No. 14 seeks the identity of all customers that terminated their natural gas service with Infinite prior to February 2007. Infinite objects to this Interrogatory on the grounds that it is "overly broad and unduly burdensome...[and] seeks information that is not relevant to any claims and defenses in this action." This objection is without merit. Infinite is claiming that it suffered economic damages, presumably as a result of the loss of customers and/or accounts. Therefore, Infinite has put its customer retention at issue. Obviously, Infinite's alleged loss of customers to other gas retailers would be relevant to the question of causation in terms of Infinite's customer loss.

Infinite also objects to this Interrogatory on the grounds that Catalyst exceeded the limit of 25 interrogatories imposed by Fed. R. Civ. P. 33(a). As discussed above, this objection is completely without merit. Therefore, Catalyst demands that Infinite provide the requested information on or before May 18, 2007.

Interrogatory No. 15

Interrogatory No. 15 seeks information regarding all persons who provided information for Infinite's discovery responses. Infinite completely fails to respond to this Interrogatory. Instead, Infinite objects to this Interrogatory on the grounds that Catalyst exceeded the limit of 25 interrogatories imposed by Fed. R. Civ. P. 33(a). As discussed above, this objection is completely without merit. Therefore, Catalyst demands that Infinite provide the requested information on or before May 18, 2007.

Interrogatory No. 16

Interrogatory No. 16 seeks information directly relating to Infinite's trade secret claim in this case; specifically, this interrogatory seeks information regarding the measures taken by Infinite to control persons having access to Infinite's purported trade secrets. This information bears directly on whether Infinite took adequate security measures to protect the secrecy or confidentiality of its alleged trade secrets. Infinite's objection to this Interrogatory on the basis of relevance is without merit and must be withdrawn.

Infinite also objects to this Interrogatory on the grounds that Catalyst exceeded the limit of 25 interrogatories imposed by Fed. R. Civ. P. 33(a). As discussed above, this objection is completely without merit. Therefore, Catalyst demands that Infinite provide the requested information on or before May 18, 2007.

Interrogatory No. 17

Interrogatory No. 17 seeks information regarding all persons involved in drafting Infinite's CGS Agreement. This Interrogatory relates directly to Infinite's copyright claim in this case. Infinite completely fails to respond to this interrogatory. Instead, Infinite objects to this Interrogatory on the grounds that Catalyst exceeded the limit of 25 interrogatories imposed by Fed. R. Civ. P. 33(a). This objection is completely without merit. Therefore, Catalyst demands that Infinite provide the requested information on or before May 18, 2007.

**B.  Infinite's Responses to the Requests**

Documents Withheld on the Basis of Confidentiality

Based on the Court's entry of the Protective Order on April 16, 2007, Catalyst demands that Infinite produce, on or before May 18, 2007, those documents withheld on the basis of confidentiality as set forth in Infinite's responses to Requests No. 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 26, 28, 29, 30, 31, 32, 33, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 54, 57, 58, 59, 60, 61, 62, 63, 64, 67, 68, 69, 70, 71, 72, 79, 80 and 81.

Non-Confidential Documents Infinite Has Agreed to Produce

In its responses to the Requests, Infinite indicated that it would also produce "certain" (unspecified) non-confidential documents in response to Requests No. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 51, 54, 57, 58, 59, 60, 61, 62, 63, 64, 67, 68, 70, 71, 72, 74, 75, 76, 77, 78, 80 and 83.

As discussed on page two (2) of this communication, Plaintiff is required to respond to the Requests that seek information regarding Infinite's alleged misappropriated trade secrets, especially Requests No. 2, 9, 11, 20, 21, 22, 23, 24, 29, 64, 65, and 66. Therefore, Catalyst demands that Infinite provide the requested information on or before May 18, 2007.

To the extent that the Requests seek information not related to the alleged misappropriation of Infinite's alleged trade secrets, counsel for Catalyst is currently considering the proposal posed by Plaintiff's counsel regarding the provision of "search terms" in order to narrow the scope of discovery. Catalyst's counsel will contact Plaintiff's counsel when it has had an opportunity to fully consider the proposal.

Infinite's Improper Relevance Objection

Infinite's objection to Requests No. 3-7, 13, 34, 36-53, 55, 63, 68-76, 79-81, 83 and 84 on the grounds of relevance is improper because each of the foregoing Requests seeks

information directly relating to the specific allegations contained in Infinite's Complaint or Catalyst's defense thereto.

More specifically, Request Nos. 2, 9-11, 17, 18, 20-24, 29, 64-67, 77, and 78 seeks specific information regarding the trade secrets and confidential information that was allegedly misappropriated by Catalyst. As previously stated, these Requests speak directly to the essential elements of Plaintiff's claims. They are obviously relevant to both Plaintiff's claims and Catalyst's defenses to the matters at issue in this case.

Requests No. 3-7 and 68-73 request specific information regarding communications with and personnel records for certain former Infinite employees who had access to alleged trade secret information and no longer work for Infinite. Their work records, including communications with Infinite, are relevant to the issue of who had access to confidential and/or proprietary information. This is also relevant to Catalyst's defense in this matter.

Requests No. 1, 12, 13, 19, 30-41, 45, 51, 52, 57-59, 74-76 and 80-83 request specific information about Infinite's customer identity, retention and service. Infinite is claiming that it suffered economic damages, presumably as a result of the loss of customers and/or accounts. Therefore, Infinite has put its customer retention at issue. Obviously, Infinite's alleged loss of customers to other gas retailers, customer satisfaction and/or complaints would be relevant to the question of causation in terms of Infinite's customer loss.

Requests No. 43, 44, 63, 79, and 84 request specific information about Infinite's employee retention. Infinite is claiming that Catalyst attempted to lure employees away from Infinite. Therefore, Infinite has put its employee retention at issue. Obviously, Infinite's alleged loss of employees, employee satisfaction, payment and benefits are relevant to the question of causation in terms of Infinite's employee loss.

Requests No. 46-50 request specific information about Infinite's filings with the Georgia Public Service Commission, especially those related to Infinite's pricing and customer service. As previously stated, Infinite put its customer retention at issue when it claimed it suffered economic damages as a result of Catalyst's alleged actions. Any documentation evidencing Infinite's customer service, pricing, and customer complaints is directly relevant to Catalyst's defense of this action. Furthermore, any documentation evidencing Infinite's compliance or non-compliance with the Public Service Commission's rules and regulations is directly relevant to Catalyst's defenses in this matter.

Request No. 53 seeks specific documentation regarding Infinite's financial status from 2002 to present. By claiming economic damages as a result of Catalyst's alleged misconduct, Infinite has put its financial condition at issue. Therefore, any documents evidencing a loss or gain in profits from 2002 to present is relevant to Plaintiff's claims and Catalyst's defenses in this matter.

Marguerite E. Patrick, Esq.
May 9, 2007
Page 9

Accordingly, please confirm that Infinite will withdraw this improper objection with respect to each of these Requests, and that Infinite will not withhold any responsive documents on the basis of this objection on or before May 18, 2007.

### Infinite's Improper Objection that Certain Requests are "Premature"

Requests No. 14, 26, 28 and 29 all seek documents that either support or refute Infinite's existing claims in this case. Notwithstanding this fact, Infinite has advanced an objection to each of the foregoing Requests on the grounds that they are "premature" and that "discovery is just beginning." As fully set forth in Section I above, this objection is improper for two reasons: (1) Infinite and its counsel surely complied with Fed. R. Civ. P. 11 and had a good faith basis to assert the claims recited in the foregoing Requests, thus suggesting that Infinite already has documents in its possession, custody or control that are responsive to these Requests; and (2) discovery in this case has been ongoing for over three (3) months, contrary to Infinite's assertion that "discovery is just beginning." Therefore, Catalyst demands that Infinite withdraw this improper objection and respond fully to the aforementioned Requests to the extent that any documents have been withheld on the basis of this objection on or before May 18, 2007.

### Infinite's Improper "Inability to Identify" Objection

Requests No. 12, 13, 31, 41 and 45 seek information regarding "present" Infinite customers who have transferred their natural gas business to Catalyst or other service providers. Infinite states that "it cannot properly identify such documents." This objection is groundless. Infinite has a number of customers who have several properties and/or accounts who have moved some of their business to other providers, including Catalyst. Catalyst demands that Infinite provide information regarding all of its current customers who have transferred any portion of their natural gas business to Catalyst or another service provider on or before May 18, 2007.

Request No. 16 seeks documents relating to the relevance of the "Traderoom" referred to in the Complaint to this matter. Infinite objects on the grounds that it does not understand the request because the Request does not adequately describe the documents being sought. This objection is frivolous and interposed in bad faith. Infinite is the party that first introduced this term in its Complaint; as a result, Infinite presumably knows the relevance of the "Traderoom" to this action. No further explanation by Catalyst should be necessary, and a failure to respond to this Request should draw sanctions. Thus, Catalyst demands that Infinite produce all documents demonstrating the relationship between the Traderoom and this lawsuit on or before May 18, 2007.

### Infinite's Improper Limitation of Time

In its Responses to Requests No. 3, 4, 5, 6, 7, 32, 39, 40 and 51, Infinite limits the period for which it will produce documents from January 1, 2006 to present. The documents requested in the aforementioned Requests directly relate to Infinite's trade secret and copyright claims in

this case or defenses thereto. The time limit set by Infinite is a wholly arbitrary one for which there is no justification in law or fact. In its Complaint, Infinite stated that it has "expended over eight years developing its confidential and proprietary information, system to protect the same, its sales force, customer base and customer relations." (Complaint, ¶ 26). Infinite has therefore put all of the aforementioned topics at issue in this case. Therefore, Catalyst demands that Infinite withdraw its improper time limitation and provide responsive documents from November 1998 to the present on or before May 18, 2007.

### Infinite's Improper "Overly Broad" Objection

In its Responses to Requests No. 46, 47, 48, 49 and 51, Infinite objects on the grounds that these Requests are overly broad because there is no time limitation included. This objection is without merit. The documents sought in the aforementioned Requests relate directly to Infinite's trade secret and/or copyright claims and Catalyst's defense thereto. A document request does not become "overly broad" or irrelevant simply because its production requires some effort. Thus, Catalyst demands that Infinite withdraw this improper objection and respond fully to the aforementioned Requests on or before May 18, 2007.

### Infinite's Improper Objection Based on Availability in the Public Domain

In its Responses to Requests No. 25, 49 and 50, Infinite objects to the production of certain documents on the basis of availability of the documents in the public domain. However, simply referring Catalyst to all documents available in the public domain is unreasonable. Catalyst would have to sift through thousands of documents related to other retailers to locate those pertinent to this Request. Therefore, they are not "equally available" to Catalyst. Catalyst demands that Infinite withdraw its objection and respond fully to the aforementioned Requests on or before May 18, 2007.

### Request for Privilege Log

To the extent any documents were withheld by Infinite in its Responses to the Request for Production on the basis of Privilege, we demand that Plaintiff provide to Catalyst, on or before May 18, 2007, a privilege log as required by Fed. R. Civ. P. 26(b)(5).

## II. CATALYST'S DOCUMENT PRODUCTION

We are in receipt of your letter of May 4, 2007 regarding unredacted copies of the documents produced in redacted form on April 6, 2007. Because the un-redacted copies of these documents contain Catalyst's confidential and proprietary information, Catalyst agreed to produce the unredacted documents only under the shelter of the Protective Order. In light of Infinite's unreasonable discovery responses, Catalyst will not produce more information until Infinite identifies the trade secrets it alleges were misappropriated. Pursuant to the requirements set forth in page two (2) of this letter, *Catalyst will not produce the unredacted copies or any*

*written discovery to Infinite until Infinite provides a detailed identification of each trade secret it alleges was misappropriated by Catalyst.* If you have any questions, please do not hesitate to contact me.

### III. **CONCLUSION**

Infinite has made the very serious allegation that Catalyst misappropriated Infinite's trade secrets. However, it provided absolutely no specific information regarding its trade secrets as required by the law. Infinite put its alleged trade secrets at issue in this matter and as such must provide a detailed description of each of its trade secret in order to give the Court and the Defendants an opportunity to determine the scope of the allegations. Catalyst demands that the Plaintiff provide detailed information regarding its trade secrets immediately; Catalyst will not provide any written discovery until it has received the same. Please contact me if you have any questions or concerns regarding this matter.

Sincerely,

David L. Pardue

DLP/lp

cc: Michael S. French, Esq. (via Facsimile)
    Julie C. Jared, Esq. (via Facsimile)