# EXHIBIT "I"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| INFINITE ENERGY, INC., a Florida corporation, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 1:06-CV-2923-CAP |
| CATALYST ENERGY, LLC, and DARREN M. NOVICH, an individual, | ) ) ) | |
| Defendants. | ) ) | |
| ——————————————— | ) | |
| DARREN M. NOVICH, | ) ) | |
| Counter-Plaintiff, | ) ) ) | |
| v. | ) ) | |
| INFINITE ENERGY, INC., | ) ) | |
| Counter-Defendant. | ) ) | |
| ——————————————— | ) | |

## SUPPLEMENTAL RESPONSES AND OBJECTIONS OF INFINITE ENERGY, INC. TO DEFENDANT CATALYST ENERGY, LLC'S FIRST INTERROGATORIES TO PLAINTIFF

Pursuant to Fed. R. Civ. P. 33, Plaintiff Infinite Energy, Inc. ("Infinite Energy")

hereby supplements its responses and objections to Defendant Catalyst Energy, LLC's

("Catalyst") First Set of Interrogatories as follows:

1696399 v01

9/7/2

GENERAL OBJECTIONS

1.    Infinite Energy objects to each interrogatory as unduly burdensome to the extent that it purports to impose burdens and duties on Infinite Energy that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure and the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia.

2.    Infinite Energy objects to each interrogatory as unduly burdensome and beyond the scope of permissible discovery to the extent that it seeks information not in Infinite Energy's possession, custody, or control and not kept by Infinite Energy in its ordinary course of business. Infinite Energy will produce information that is in Infinite Energy's possession, custody or control and that is kept by Infinite Energy in its ordinary course of business.

3.    Infinite Energy objects to each interrogatory to the extent that it purports to require disclosure of privileged information, including information protected by attorney-client privilege or work-product immunity. Except where specifically stated otherwise, Infinite Energy will not produce any privileged or work product documents.

4.    Infinite Energy objects to Catalyst's requirements for identification of privileged documents to the extent that such requirements exceed those set forth in

1696399 v01

Fed.R.Civ.P. 26(b)(5).  Infinite Energy will describe any documents withheld from production as privileged in a privilege log, to be provided within a reasonable time after production of documents and at an agreed upon time for exchange of privilege logs, in a manner that will enable Catalyst to assess the applicability of the privilege or protection, without revealing information itself privileged or protected.

5.     Infinite Energy objects to Catalyst's "Instructions" and "Definitions" to the extent that they purport to impose burdens and duties on Infinite Energy that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure and the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia.

6.     Infinite Energy objects to each interrogatory to the extent that it seeks information in Catalyst's possession or information that is available to Catalyst from public or government sources or that is equally available to both Catalyst and Infinite Energy.

7.     Infinite Energy objects to each interrogatory to the extent that it seeks information containing Infinite Energy's trade secrets or any other confidential information.  Infinite Energy will provide this information pursuant to the Protective Order entered April 16, 2007.

1696399 v01

8.     Infinite Energy objects to each interrogatory as unduly burdensome to the extent that it encompasses information created in connection with this litigation, or after the inception of this litigation.

9.     Infinite Energy reserves its right to produce evidence of any subsequently discovered fact, to alter or amend its objections and responses set forth herein, and otherwise to assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed.

10.    Nothing in these responses is an admission by Infinite Energy relative to the existence or nonexistence of any information.  Where Infinite Energy responds that it will produce certain categories of information, such response should be construed to mean that Infinite Energy will produce such information, if they are found to exist after a reasonable search.

11.    Nothing in these responses is an admission concerning the relevance or admissibility of any information or the truth or accuracy of any statement or characterization contained in any interrogatory.

The General Objections set forth above and the objections to specific requests set forth below are made as to matters clearly objectionable on the face of the requests.  The specific responses provided below are made subject to and without waiving the foregoing General Objections.

1696399 v01

## INTERROGATORIES AND RESPONSES

### INTERROGATORY NO. 1:

Identify and describe in detail all of your alleged trade secrets referred to anywhere in the Complaint. With respect to each, state separately:

(a)    the date on which the same was developed;

(b)    the steps taken to develop the same;

(c)    the identity of every person who participated in the development of the same and the role that each said person played in the development;

(d)    the cost to Infinite of developing the same or, if not developed by Infinite, the cost to Infinite of acquiring the same, the date acquired and identity of the person, firm or corporation from whom acquired;

(e)    the identity of every person who has had access to the same and whether each person signed a written agreement to maintain the secrecy or confidentiality of the same (1) prior to access and (2) at any time thereafter; how the same is labeled or identified as being a trade secret; the identity of all documents that refer or relate to the same; and the economic value of the same;

(f)    how the same is labeled or identified as being a trade secret;

(g)    the identity of all documents that refer or relate to the same; and

(h)    the economic value of the same.

### RESPONSE TO INTERROGATORY NO. 1:

Infinite Energy objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and seeks information that is not relevant to any claims or defenses in this action. Infinite Energy objects to this Interrogatory in that it seeks Infinite Energy's trade secrets and related confidential and proprietary research.

1696399 v01

Infinite Energy will only provide such information pursuant to the Protective Order entered April 16, 2007.

Subject to these and the foregoing General Objections, Infinite Energy responds that it will produce documents that contain the requested information. Infinite Energy also responds that its trade secrets provide it with great economic value because they have enabled it to generate significant revenues. These trade secrets will also continue to enable Infinite Energy to generate significant revenues in the future. It would be detrimental to Infinite Energy's competitive position in the industry if Catalyst, or any other competitor, were to utilize Infinite Energy's trade secrets to compete against it.

Infinite Energy states that its trade secrets referenced in the Complaint include all of its customer lists relating to any particular group of its customers as well as the compilation of information contained in its customer relationship management software. These trade secrets include its customer lists relating to the American Dry Cleaning Association, certain Asian Community customers including the Korean Cleaners Assoc. of Atlanta ("KCAA"), the Georgia Coin Laundry Association, the CGS master customer list or any derivation thereof, each marketer's quarterly bonus report, Infinite Energy's Act Contact Management database, the Master Account List maintained by the marketing sales group, Desktop renewal lists, Infinite Energy's

1696399 v01

complete list of KCAA customers (the "KCAA List"), the KCAA Authorization Form List, the Chang Master Account List, and the Heo Master Account List.

These trade secrets have been developed continuously over time beginning in 1998. The master lists were created using various customer information that was updated as needed. The master lists were created by Infinite Energy's sales force and other Infinite Energy employees who were tasked to create such lists. These current and past employees include Jay Heo, Steve Han, Hank Chang, Darren Novich, Margarita Uruena, Tony Lee, James Taylor, Randy Walls, Brandy Lawless, Justin Nelson, Brad Gamble, Rene Sanchez and David Benfield. These trade secrets are maintained as highly confidential and access to such trade secrets is restricted. Infinite Energy has additional trade secrets which it maintains in confidence. It is unclear at this point whether Catalyst has misappropriated those trade secrets as well.

INTERROGATORY NO. 2:

Identify any information that Infinite claims is not a trade secret but is either confidential or proprietary and describe the economic value of same.

RESPONSE TO INTERROGATORY NO. 2:

Infinite Energy objects to this Interrogatory in that it seeks Infinite Energy's confidential and proprietary information. Infinite Energy further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to these and the foregoing General Objections, Infinite Energy responds that it will

-7-

1696399 v01

produce its business records that contain the requested information pursuant to the

Protective Order entered April 16, 2007.   Such confidential and proprietary

information includes but may not be limited to Infinite Energy's contracts with its

customers and the confidential information contained therein.  The economic value of

such contracts varies per contract and may be discerned from each such contract.

INTERROGATORY NO. 3:

Describe in detail all relief, remedies or damages that you are requesting in this litigation from Catalyst, but not limited to:

(a)    a detailed statement of all relief, remedies or damages you are requesting in this litigation based on each count in your Complaint;

(b)    the amount of all such relief, remedies or damage and the manner or method for calculating all relief, remedies or damages that you are requesting in this Litigation based on each count in your Complaint;

(c)    the identity of each person who has knowledge of facts that support or refute the relief, remedies or damages as well as the identity of each person who has knowledge of facts that support or refute the amount, manner or method for calculating such relief, remedies or damages that you are requesting; and

(d)    the identity of all documents that support or refute the relief, remedies or damages as well as the identity of all documents that support or refute the amount, manner or method for calculating such relief, remedies or damages that you are requesting.

RESPONSE TO INTERROGATORY NO. 3:

Infinite Energy objects to Interrogatory No. 3 as being premature in that the

parties are in discovery and the full scope of the response to this Interrogatory is not

yet known.  Subject to the foregoing General Objections, Infinite Energy responds that

1696399 v01

it seeks to enjoin Catalyst from misappropriating, disclosing and using Infinite Energy's trade secrets and other property. Infinite Energy also seeks the return of all of its trade secrets and other property from Catalyst. Infinite Energy further seeks to enjoin Catalyst from infringing upon its copyrighted work.

Infinite Energy seeks damages from Catalyst for the damage caused by Catalyst's misappropriation of Infinite Energy's trade secrets. Infinite Energy seeks to recover its actual damages. Infinite Energy is not yet in a position to determine or calculate the entirety of these damages and therefore specifically reserves its right to supplement the same.

Infinite Energy seeks relief from Catalyst for its tortious interference with Infinite Energy's business and contractual relations. Infinite Energy seeks its actual damages. Infinite Energy is not yet in a position to determine or calculate the entirety of these damages and therefore specifically reserves its right to supplement the same.

Infinite Energy also seeks relief from Catalyst for its infringement of its copyright protected CGS Agreement as set forth in the Complaint. Infinite Energy is not yet in a position to determine or calculate the entirety of these damages and therefore specifically reserves its right to supplement the same.

Based upon Catalyst's intentional and willful bad acts, Infinite Energy seeks an award of punitive damages against Catalyst in an amount to be determined.

1696399 v01

Infinite Energy also seeks its attorneys' fees and costs of litigation.

Persons who have knowledge of facts that support the relief, remedies and damages sought include, but may not be limited to, Darin Cook, Rich Blaser, Sajid Hasan, James Taylor, Tony Lee, Mark Hale, Brad Gamble, John Beich, Mike Jones, Lily Shi, Doug Bianchi, Randy Walls, Darren Novich, Thai Heng "Hank" Chang, Jeong-Hoon "Jay" Heo, Zhang "Steve" Han, Margarita Uruena, Fernando de Aguero, Tim Kennedy, Chip Dudley, Mike Kirshner, John Landry, Ed Smith, Steve Moore, Rene Sanchez, Brook Apartments, LLC; Walks Apartments, LLC; Corners Apartments, LLC; R. James; several First Communities, Inc.'s properties; Westdale Asset Management; D.E.L. Development Corp.; Pinnacle; The Conservatory Peachtree Corners; Conservatory Druid Hills; Silver Creek Associates; The Pines of Southlake; Lake Harbin; 46663 Waldrop Dr. Apts.; 1049 Powers Ferry Apts.; and John Peterson.

Persons who have knowledge of facts that support the amount, manner or method for calculating such relief, remedies or damages include, but may not be limited to, Darin Cook, Rich Blaser, James Taylor and Brad Gamble.

Infinite Energy also responds that it will produce its non-confidential business records that reflect the requested information. Infinite Energy will produce any

1696399 v01

responsive confidential business records pursuant to the Protective Order entered
April 16, 2007.

INTERROGATORY NO. 4:

Identify and describe in detail every copyright or copyrighted work that you
claim is at issue in this case and for each such copyright or copyrighted work
identified, provide the date of its creation, its author(s) or contributor(s), the
contributions of each author or contributor, its date of first publication, whether each
work is subject to a valid U.S. Copyright Registration, and the registration number of
each such U.S. Copyright Registration.

RESPONSE TO INTERROGATORY NO. 4:

Presently, the copyright and copyrighted work currently at issue in this case is

described in the Complaint, and a copy of the U.S. Copyright Registration is attached

thereto. As such, the information sought by this Interrogatory is as readily accessible

to Catalyst as it is to Infinite Energy. Subject to these and the foregoing General

Objections, Infinite Energy responds that it will produce its business records that

reflect the requested information.

INTERROGATORY NO. 5:

Identify every original element of every copyrighted work that you identified in
response to Interrogatory No. 4 above.

RESPONSE TO INTERROGATORY NO. 5:

Infinite Energy objects to this Interrogatory on the ground that it is so vague

that Infinite Energy cannot determine what information is being sought. Subject to

1696399 v01

this and the foregoing General Objections, Infinite Energy states that the copyrighted

work as referenced in the Complaint is an original work.

INTERROGATORY NO. 6:

    For each expert witness whom you expect to call to testify at any hearing or
trial of this action, identify the expert's name, each document provided to such person
and each document otherwise used by, relied upon, known or available to, or created
in whole or in part by said person in connection with that person's role in this case and
which forms a part of the basis of any opinion to which said person is expected to
testify, and identify all documents that reflect, refer, or relate to your response to this
Interrogatory.

RESPONSE TO INTERROGATORY NO. 6:

    Infinite Energy objects to this Interrogatory to the extent it seeks information

protected from discovery under the attorney-client privilege, the work product

doctrine and or Fed.R.Civ.P. 26(b), and to the extent it seeks information in excess of

that required by the Federal Rules of Civil Procedure.   Subject to this and the

foregoing General Objections, Infinite Energy responds that it has no such information

at this time.   Infinite Energy specifically reserves the right to supplement this

response.

INTERROGATORY NO. 7:

    Identify all documents that reflect, refer or relate to the resources and efforts
used to develop any of the alleged trade secrets referenced in the Complaint.

-12-                                    1696399 v01

RESPONSE TO INTERROGATORY NO. 7:

Infinite Energy objects to this Interrogatory on the ground that it is so vague that Infinite Energy cannot determine what information is being sought. Subject to this, and the foregoing General Objections and the Protective Order entered April 16, 2007, Infinite Energy responds that it will produce its business records that reflect the requested information.

INTERROGATORY NO. 8:

Describe in detail all measures taken by Infinite to maintain the confidentiality of the alleged trade secrets referenced in the Complaint.

RESPONSE TO INTERROGATORY NO. 8:

Infinite Energy objects to this Interrogatory as being overly broad and unduly burdensome in that it asks Infinite Energy to "[d]escribe in detail all measures taken." Subject to this and the foregoing General Objections, Infinite Energy responds that Infinite Energy limits access to its trade secrets in order to maintain the confidentiality of the same. The measures taken by Infinite Energy to maintain the confidentiality of its trade secrets include, but are not limited to, the following.

Infinite Energy limits access to its office buildings during non-business hours. During non-business hours, access to the building is by key access only and only a very limited number of employees have key access. Until recently, both the Atlanta office and the Gainesville office were protected during non-business hours by key pad

-13-

1696399 v01

access. The code was changed each time an employee with access to the code left the employment of Infinite Energy. Both offices are protected by a burglar alarm system. Both offices operate security cameras. Both offices have receptionists greeting visitors. Visitors may only leave the reception area to access other areas of Infinite Energy's offices if they are escorted by an Infinite Energy employee.

With regard to its hard copy trade secrets, Infinite Energy maintains one set of its confidential trade secrets in locked file cabinets to which select few have access.

With regard to its electronic trade secrets, those are maintained on a limited access network that is password protected and is accessible only by certain of Infinite Energy's employees. Only certain of Infinite Energy's employees have access to Infinite Energy's network, and of those certain employees, only certain ones have access to other password protected parts of Infinite Energy's network.

With regard to the sales division, Infinite Energy tells the employees in that division to maintain the confidentiality of all contracts, customer lists and related confidential information. Infinite Energy's corporate practice is to maintain its confidential documents as confidential. Access to this information also is severely restricted and limited.

1696399 v01

All home grown computer system applications are password protected. Each application has a separate password which is required to enable access. Only a few employees have access to certain of the system applications.

Infinite Energy shreds all discarded confidential hard copy materials and storage media. Infinite Energy also wipes an individual's hard drive of all material when that employee leaves Infinite Energy's employment. Only then is the laptop redeployed to a different employee. This prevents an employee from having access to any confidential materials to which he or she should not have access.

Infinite Energy's employees are instructed about the confidential nature of this information and the need to protect the information as such. Infinite Energy specifically reserves its right to supplement this response.

INTERROGATORY NO. 9:

Identify the fourteen (14) customers referenced in Paragraph 49 of the Complaint.

RESPONSE TO INTERROGATORY NO. 9:

Subject to the foregoing General Objections, Infinite Energy identifies the following customers as certain of those referenced in Paragraph 49 of the Complaint:

Brook Apartments, LLC; Walks Apartments, LLC; Corners Apartments, LLC; R. James; several First Communities, Inc.'s properties; Westdale Asset Management; D.E.L. Development Corp.; Pinnacle; The Conservatory Peachtree Corners;

-15-

1696399 v01

Conservatory Druid Hills; Silver Creek Associates; The Pines of Southlake; Lake

Harbin; 46663 Waldrop Dr. Apts.; and 1049 Powers Ferry Apts.

INTERROGATORY NO. 10:

Identify all present, former and prospective Infinite customers who have
transferred their business to Catalyst.

RESPONSE TO INTERROGATORY NO. 10:

Infinite Energy objects to this Interrogatory on the grounds that it is premature

as discovery is ongoing in this case, and this Interrogatory cannot be answered fully

until Infinite Energy has pursued discovery.   Subject to these and the foregoing

General Objections, Infinite Energy states that in addition to the customers identified

in its Response to Interrogatory No. 9, John Peterson's business was also switched to

Catalyst.   Infinite Energy states further that it will produce its business records that

reflect this information at a mutually convenient time and place.


Infinite Energy objects to Interrogatories 11 through 17 on the ground that they

exceed the limit of 25 interrogatories imposed by Fed.R.Civ.P. 33(a).   In addition,

Infinite Energy objects to Interrogatories 11 through 17 as follows.

INTERROGATORY NO. 11:

Identify all present, former and prospective Infinite customers who have
transferred their business to any other natural gas marketer besides Catalyst.

1696399 v01

RESPONSE TO INTERROGATORY NO. 11:

Infinite Energy objects to this Interrogatory on the grounds that it is premature as discovery is ongoing in this case, and this Interrogatory cannot be answered fully until Infinite Energy has pursued discovery. Infinite Energy also objects to this Interrogatory on the grounds that it is overly broad and seeks information that is not relevant to any claims and defenses in this action. Infinite Energy objects to Interrogatory No. 11 on the ground that it exceeds the limit of 25 interrogatories imposed by Fed.R.Civ.P. 33(a).

INTERROGATORY NO. 12:

Describe in detail all facts supporting the allegation set forth in Paragraph 56 of the Complaint that "Defendants are now using Infinite Energy's confidential and proprietary information to target Infinite Energy's customers and remaining employees in their ongoing scheme to unfairly compete against Infinite Energy in the marketplace."

RESPONSE TO INTERROGATORY NO. 12:

Infinite Energy objects to this Interrogatory on the grounds that it is premature as discovery is ongoing in this case, and this Interrogatory cannot be answered fully until Infinite Energy has pursued discovery. Infinite Energy objects to Interrogatory No. 12 on the ground that it exceeds the limit of 25 interrogatories imposed by Fed.R.Civ.P. 33(a).

1696399 v01

INTERROGATORY NO. 13:

Describe in detail all facts supporting the allegation set forth in Paragraph 77 of the Complaint that "Catalyst conspired and participated with Novich in his conversion of Infinite Energy's property."

RESPONSE TO INTERROGATORY NO. 13:

Infinite Energy objects to this Interrogatory on the grounds that it is premature as discovery is ongoing in this case, and this Interrogatory cannot be answered fully until Infinite Energy has pursued discovery.  Infinite Energy objects to Interrogatory No. 13 on the ground that it exceeds the limit of 25 interrogatories imposed by Fed.R.Civ.P. 33(a).

INTERROGATORY NO. 14:

Identify all customers that ceased purchasing or using natural gas from Infinite prior to February 2007, the date on which each such customer ceased doing so, and any reason(s) cited by each such customer for doing so.

RESPONSE TO INTERROGATORY NO. 14:

Infinite Energy objects to Interrogatory No. 14 as overly broad and unduly burdensome.  Infinite Energy also objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claims and defenses in this action. Infinite Energy objects to Interrogatory No. 14 on the ground that it exceeds the limit of 25 interrogatories imposed by Fed.R.Civ.P. 33(a).

1696399 v01

INTERROGATORY NO. 15:

Identify each person who provided information in connection with your responses to these Interrogatories.

RESPONSE TO INTERROGATORY NO. 15:

Infinite Energy objects to Interrogatory No. 15 on the ground that it exceeds the limit of 25 interrogatories imposed by Fed.R.Civ.P. 33(a).

INTERROGATORY NO. 16:

Describe in detail the criteria utilized in hiring Infinite salespersons, including but not limited to, any references Infinite requires and any documents Infinite reviews during the hiring process.

RESPONSE TO INTERROGATORY NO. 16:

Infinite Energy objects to Interrogatory on the grounds that it seeks information that is not relevant to any claims and defenses in this action.  Infinite Energy objects to Interrogatory No. 16 on the ground that it exceeds the limit of 25 interrogatories imposed by Fed.R.Civ.P. 33(a).

INTERROGATORY NO. 17:

Identify all persons involved in the drafting of your CGS Agreement and for each such person identified, describe that person's role in the drafting of your CGS Agreement.

RESPONSE TO INTERROGATORY NO. 17:

Infinite Energy objects to Interrogatory No. 17 on the ground that it exceeds the limit of 25 interrogatories imposed by Fed.R.Civ.P. 33(a).

1696399 v01

**MORRIS, MANNING & MARTIN, LLP**

By:/s/Marguerite E. Patrick
    David A. Rabin
    Georgia Bar No. 591469
    Marguerite E. Patrick
    Georgia Bar No. 566187
    Adamson B. Starr
    Georgia Bar No. 212325

Attorneys for Plaintiff Infinite Energy, Inc.

1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, Georgia 30326
(404) 233-7000
(404) 365-9532 (fax)

1696399 v01

STATE OF FLORIDA      :
                         :   ss.
COUNTY OF ALACHUA   :

## **VERIFICATION**

Personally appeared before the undersigned officer, duly authorized by law to administer oaths, Darin Cook, who, after first being duly sworn, states that he is the President and CEO of Infinite Energy, Inc., that he is authorized to make this Verification on its behalf, and that the facts contained in the within and foregoing Supplemental Responses and Objections of Infinite Energy, Inc. to Defendant Catalyst Energy, LLC's First Interrogatories to Plaintiff are true and correct to the best of his knowledge and belief.

_____
DARIN COOK

SWORN TO AND SUBSCRIBED
before me this _____ day
of _____, 2007.

_____
Notary Public
My commission expires: 4-17-09
(NOTARIAL SEAL)

GENE F ROINICK
MY COMMISSION # DD419179
EXPIRES: Apr. 17, 2009
(407) 398-0153    Florida Notary Service.com

-21-

1696399 v01

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D, the undersigned counsel certify that the foregoing has been prepared in Times New Roman 14 point, one of the four fonts and points approved by the Court in LR 5.1C.

/s/Marguerite E. Patrick
Marguerite E. Patrick

1696399 v01

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| INFINITE ENERGY, INC., a Florida corporation, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 1:06-CV-2923-CAP |
| CATALYST ENERGY, LLC, and DARREN M. NOVICH, an individual, | ) ) ) ) | |
| Defendants. | ) ) | |
| DARREN M. NOVICH, | ) ) ) | |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| INFINITE ENERGY, INC., | ) ) ) | |
| Counter-Defendant. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day, served a true and correct copy of the

within and foregoing **SUPPLEMENTAL RESPONSES AND OBJECTIONS OF**

**INFINITE ENERGY, INC. TO DEFENDANT CATALYST ENERGY, LLC'S**

**FIRST INTERROGATORIES TO PLAINTIFF** upon all parties to this matter by

1696399 v01

depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly

addressed as shown below, and by facsimile to the facsimile numbers listed below,

and filed the Certificate of Service representing service of same electronically via

CM/ECF in the United States District Court for the Northern District of Georgia, with

notice of same being electronically served by the Court, addressed to the following:

David L. Pardue, Esq.
Jill R. Johnson, Esq.
Stephen C. Belan, Esq.
Hartman, Simons, Spielman & Wood, LLP
6400 Powers Ferry Road NW, Suite 400
Atlanta, GA 30339
dpardue@hssw.com
jilljohnson@hssw.com
sbelan@hssw.com
**Facsimile Nos.**
David L. Pardue    (770) 858-1095
Jill R. Johnson    (770) 818-2316
Stephen C. Belan    (678) 391-9958

Michael S. French, Esq.
Julie C. Jared, Esq.
Sarah-Nell H. Walsh, Esq.
Wargo & French, LLP
Suite 2020
1170 Peachtree Street
Atlanta, GA 30326
mfrench@wargofrench.com
jjared@wargofrench.com
swalsh@wargofrench.com
**Facsimile Nos.**
Michael S. French (404) 853-1511
Julie C. Jared    (404) 853-1556
Sarah-Nell Walsh  (404) 853-1566

This 7th day of September, 2007.

/s/Marguerite E. Patrick
Marguerite E. Patrick
Georgia Bar No. 566187

Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road NE
Atlanta, GA 30326
(404) 233-7000

-24-

1696399 v01